THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee v.
TRACY E. JOHNSON, Defendant-Appellant.

Third District   No. 3—90—0715

Opinion filed December 24, 1991.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, and Jon McPhee, of State Appellate Defender's Office, of Springfield, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (Judith Z. Kelly and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Following a jury trial, the defendant, Tracy E. Johnson, was convicted of felony murder, burglary, and residential burglary (Ill. Rev. Stat. 1989, ch. 38, pars. 9—1(a)(3), 19—1(a), 19—3(a)). The trial judge imposed a 70-year extended prison term for the felony murder conviction and a concurrent 15-year prison term for the residential burglary. No sentence was imposed for the burglary verdict.

At trial, evidence was presented which showed that the defendant entered the home of the victim, Sterns Crapnell, with the intent to commit a theft therein. The home apparently was empty when the defendant entered. However, during the course of the burglary Crapnell returned home and a struggle ensued between the defendant and the victim. During the struggle, the defendant picked up a club or piece of wood, struck Crapnell repeatedly in the head, and then fled. Later that evening, the defendant sold a telephone answering machine and a computer taken from Crapnell's home. Crapnell, who was 72 years old, died as a result of multiple blunt force injuries to the head.

On appeal, the defendant first argues that because burglary is a lesser included offense of residential burglary, and because his burglary conviction had to be vacated since judgment and sentence were entered on the greater offense of residential burglary, the felony murder conviction can no longer stand. The defendant asserts that once the burglary conviction was vacated, the felony murder became predicated upon the remaining felony conviction of residential burglary. He notes that residential burglary is not one of the enumerated forcible felonies which may serve as a predicate to felony murder. (Ill. Rev. Stat. 1989, ch. 38, par. 2—8.) Thus, according to the defendant, his felony murder conviction must be vacated. We disagree with the defendant's analysis.

In the case of felony murder, the predicate felony is always a lesser included offense because the felony, which in the case at bar was burglary, is established by proof of the same or less than all of the facts required to establish the offense of murder in the course of a burglary. (*People v. Jordan* (1983), 116 Ill. App. 3d 269, 452 N.E.2d 93.) Any conviction entered on the predicate felony underlying the felony murder is properly vacated. *People v. Devine* (1981), 98 Ill. App. 3d 914, 424 N.E.2d 823.

In the instant case, sufficient proof was presented to sustain the guilty verdicts of felony murder based on burglary and residential burglary. In this situation, vacating the conviction for the underlying felony of burglary would not negate a finding that the defendant performed the acts causing the victim's death while the defendant was committing the burglary. It means only that because it would be impossible to commit the greater offense of felony murder without necessarily committing the lesser offense of burglary, judgment and sentence should only be imposed on the greater offense of felony murder.

■ Simply because an underlying felony conviction is vacated does not mean, and has never meant, that the felony murder convic-

tion cannot stand. Nor do we accept the defendant's apparent assertion that whenever a defendant is also convicted of another offense, of which the predicate felony is also a lesser included offense, this somehow negates, or operates as an acquittal of, the predicate felony. A felony murder conviction remains intact and proper even after any conviction for the predicate felony is vacated. This is true whether the vacatur is grounded on the fact that the predicate felony is an included offense of felony murder or the fact that it is an included offense of another felony of which the defendant was also convicted.

The defendant asserts that *People v. Chandler* (1989), 129 Ill. 2d 233, 543 N.E.2d 1290, strongly supports his analysis. *Chandler* addressed the issue of the defendant's eligibility for the death penalty. The defendant in *Chandler* (unlike the instant defendant) had not been either charged with, or found guilty of, burglary. The trial judge in *Chandler* found that because burglary was a lesser included offense of residential burglary, of which the defendant was convicted, the defendant was eligible for the death penalty. The Illinois Supreme Court held that the defendant's conviction for residential burglary did not make the defendant eligible for the death penalty pursuant to section 9–1(b)(6)(c) of the Illinois Criminal Code (Ill. Rev. Stat. 1987, ch. 38, par. 9–1(b)(6)(c)), because residential burglary is not among the enumerated felonies which support eligibility for death. In rejecting the trial court's ruling, the supreme court noted in part that its discussion of the issue was guided by the fact that "[a]ggravating factors serve as necessary prerequisites without which the death sentence cannot be imposed; they delineate the borderline between those cases in which death is a possible punishment and those in which it cannot be considered." *Chandler* (1989), 129 Ill. 2d at 252, 543 N.E.2d at 1298.

We agree with the State's contention that an inquiry into a defendant's precise conviction as a factor making him eligible for the death penalty is necessarily more restrictive than the typical lesser included offense analysis. The Illinois Supreme Court's reasoning that it would not create a conviction for an uncharged burglary because of the defendant's conviction for the greater offense of residential burglary so as to make him eligible for the death penalty does not strongly support the instant defendant's position.

In sum, we hold that vacating the burglary conviction, whether because it formed the predicate felony for the greater offense of felony murder or because it was a lesser included offense of residential burglary, did not require vacating the defendant's felony murder conviction.

The defendant next attacks his 70-year extended-term sentence for the felony murder. Specifically, he complains that the trial court did not give adequate consideration to his youth, his rehabilitative potential, and to the objective of restoring him to useful citizenship.

■ Sentencing is a matter of judicial discretion, and absent an abuse of that discretion by the trial court, a sentence may not be altered on review. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) In determining an appropriate sentence, the defendant's history, character, and rehabilitative potential, along with the seriousness of the offense, the need to protect society, and the need for deterrence and punishment, must be equally weighed. (*People v. Darnell* (1981), 94 Ill. App. 3d 830, 419 N.E.2d 384.) Although rehabilitation is a factor which must be considered, it is not the sole factor and does not outweigh other considerations which are persuasive of a severe sentence. Similarly, the defendant's youth does not outweigh the other factors. (*People v. Branham* (1985), 137 Ill. App. 3d 896, 484 N.E.2d 1226.) The trial judge ordinarily is in the best position to make a reasoned judgment as to a proper sentence which balances the need to protect society and the need to rehabilitate the offender; thus, his judgment is due great weight and deference. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

Before imposing sentence in the instant case, the trial court noted that the defendant had received a GED and that the psychological evaluation included in his presentence investigation indicated he was of low-average intelligence but "with nonaggressiveness." The court also noted in mitigation that the defendant did not contemplate that his conduct in committing the residential burglary would cause or threaten serious harm to another.

In aggravation, the court found that the defendant had a prior criminal record consisting of an adjudication of delinquency for burglary, two adult felony convictions for theft, and various traffic offenses. The court noted the defendant's involvement with illegal drugs and his unsuccessful probationary periods. The court also recalled the defendant's trial testimony that he routinely helped his friends sell stolen goods. The court specifically considered the defendant's potential for rehabilitation and found he had not demonstrated much rehabilitative potential.

Additionally, the court noted the necessity of deterring others from committing murders and house burglaries, the need for punishment, and the need to protect society. Finally, the court found that the extended-term provision was applicable, though discretionary, because the victim was 72.

In reviewing the sentence imposed by the trial court, it is not our function to determine its propriety based on what we might have done. Rather, we are required to determine whether the court exercised proper discretion in deciding between the various alternatives within the range of appropriate sanctions. The defendant was eligible for an extended-term sentence of between 60 and 100 years because he was convicted of a felony committed against a person 60 years of age or older at the time of the offense (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(b)(4)(ii)). The trial court sentenced him to a term well within the permissible range for the offense. We find under these circumstances that the court did not abuse its discretion when it sentenced the defendant to 70 years' imprisonment.

Accordingly, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

STOUDER, P.J., and HAASE, J., concur.