May 3, 1999

No. 2--98--0556 

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Winnebago County.

)

Plaintiff-Appellee, )

) No. 96--CF--363

v. )

)

Gary D. Knowles, ) Honorable

) K. Craig Peterson,

Defendant-Appellant. ) Judge, Presiding.

________________________________________________________________

JUSTICE THOMAS delivered the opinion of the court:

The defendant, Gary D. Knowles, was indicted for possessing cocaine with the intent to deliver.  Because the defendant had 500 grams of cocaine in his possession, he was indicted under section 401(a)(2)(C) of the Criminal Code of 1961 (Code) (720 ILCS 570/401(a)(2)(C) (West 1996)).  Under this charge, the defendant faced between 12 and 50 years in prison.

The defendant entered into an agreement with the State whereby the defendant would plead guilty in exchange for the State charging him with possessing between 1 and 15 grams of cocaine with the intent to deliver the same under section 401(c)(2) of the Code (720 ILCS 570/401(c)(2) (West 1996)).  Under this charge, the defendant faced a minimum of four years in prison and a maximum of fifteen years in prison.  

The defendant accepted the agreement and pleaded guilty to the  lesser offense.  A sentencing hearing was conducted, and, in addition to fining the defendant, the court sentenced him to four years in prison.  After the defendant was sentenced, the court told the defendant that he had 30 days either to file a motion to withdraw his guilty plea or file a motion asking the court to reconsider his sentence.  The court told the defendant that he could file one or both motions, but if he filed a motion to withdraw his guilty plea, then the State could prosecute the defendant under the original indictment.

On February 18, 1998, the defendant filed a motion to reconsider his sentence.  On April 3, 1998, the court lowered the street value fine assessed against the defendant but otherwise denied the defendant's motion to reconsider the sentence.  The defendant subsequently filed his notice of appeal on May 1, 1998.  The defendant argues that his sentence should be overturned because the trial court improperly considered certain factors during his sentencing hearing.  We hold that this appeal must be dismissed because the defendant failed to file a motion to withdraw his guilty  plea.

Our supreme court has considered the issue of whether or not a defendant in a negotiated plea agreement case must withdraw his plea of guilty before seeking review of his case.  In 
People v. Evans
, 174 Ill. 2d 320, 321 (1996), the State dismissed some of the charges facing the defendant and recommended a sentence.  Based on these facts, the Illinois Supreme Court held that a defendant in a negotiated plea agreement case must file a motion to withdraw the guilty plea and vacate the judgment entered against him before appealing the decision rendered by the trial court.  
Evans
, 174 Ill. 2d at 332.  The court reasoned that a defendant in a negotiated plea agreement case must take this approach because allowing a defendant to challenge the decision while holding the State to its part of the negotiated plea agreement invalidates the plea agreement.  
Evans
, 174 Ill. 2d at 332, 327.

This issue was again addressed in 
People v. Linder
, No. 83415 (Ill. February 19, 1999).  In 
Linder
, the court held that a defendant in a negotiated plea agreement case who agrees to the cap placed on his sentence must file a motion to withdraw his guilty plea before seeking review of the lower court's decision.  
Linder
, slip op. at 6.  Again, as in 
Evans
, the court reasoned that a defendant should not be allowed to appeal the decision without first moving to withdraw his guilty plea because to do otherwise forces the State to be bound by the terms of the agreement while permitting the defendant to unilaterally renege or modify the terms that were previously acceptable.  
Linder
, slip op. at 4.

Here, the defendant's and the State's agreement provided that the defendant would be charged with a less harsh offense.  Since the severity of the charge was reduced, the sentence that the defendant could expect to face was also reduced.  Therefore, even though the agreement did not specifically provide a sentence or a cap on a sentence, the agreement did present sentencing possibilities to the defendant that were not available to the defendant under the original indictment.  Allowing the defendant in the instant action to modify unilaterally the agreement while holding the State to the terms of the agreement would violate the policy advanced by the court in 
Linder
 and 
Evans
.

The defendant argues that 
People v. Wilk
, 124 Ill. 2d 93 (1988), and 
People v. Wallace
, 143 Ill. 2d 59 (1991), control this case.  In both of those cases, the defendants pleaded guilty to the charges imposed against them.  There is no evidence that any of the defendants in those cases entered into negotiated pleas before entering a guilty plea.  In fact, in 
Evans
, our supreme court reviewed the pleas that were entered into by the defendants in those cases.  
Evans
, 174 Ill. 2d at 332.  In both cases, the defendants entered open guilty pleas to the charges imposed against them.  
Evans
, 174 Ill. 2d at 332.  Those defendants received no promises from the State in exchange for their guilty pleas.  
Evans
, 174 Ill. 2d at 332.  Since the defendants entered open guilty pleas, there was no need for them to withdraw their guilty pleas before seeking review of their sentences.  
Evans
, 174 Ill. 2d at 332.   The court reasoned that good public policy and common sense dictated that defendants in nonnegotiated plea agreement cases should not be required to withdraw their guilty pleas before appealing their cases.  
Evans
, 174 Ill. 2d at 332.  Additionally, the court in 
Evans
 stated that this reasoning does not apply  to cases where defendants have entered into negotiated pleas.  
Evans
, 174 Ill. 2d at 332.

Here, in contrast to both 
Wilk
 and 
Wallace
, the defendant entered into a plea agreement with the State and benefitted from that agreement.  Since an agreement was made, 
Evans
 and 
Linder
 control rather than 
Wilk
 and 
Wallace
.

Since the defendant entered into a plea agreement and benefitted from this agreement by having the possible sentence facing him reduced, we hold, in line with 
Evans
 and 
Linder
, that the defendant must file a motion to withdraw his guilty plea before he files his notice of appeal. Since the trial court advised defendant that he could file either a motion to withdraw his guilty plea or a motion to reconsider his sentence, fundamental fairness requires that we remand the cause with directions for the trial court to admonish defendant of his right to file a motion to withdraw his guilty plea and the consequences thereof, pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)).

We therefore dismiss the appeal and remand the cause with directions for the trial court to admonish defendant of his right to file a motion to withdraw his guilty plea and the consequences thereof.

This appeal is dismissed and the cause is remanded to the circuit court of Winnebago County to allow the defendant to file a motion to vacate his guilty plea. 

Appeal dismissed; cause remanded with directions.

RAPP, J., concurs.

JUSTICE McLAREN respectfully dissents:

Launching into the uncharted waters of negotiated pleas, the majority today concludes that a defendant who never negotiates the issue of a sentence, let alone a sentence agreement, must be held to the nonexistent terms of that nonexistent negotiation.   Because I am not aware of any law that requires or suggests such a conclusion, I must respectfully dissent.

Our supreme court has attempted to clarify the situations in which a defendant who negotiates a plea agreement with the State can attack his sentence on appeal.  Our supreme court has labored over when a defendant must first move to vacate the judgment and withdraw his guilty plea before he may seek review of his sentence.  In 
Evans
, the court held that a defendant who agrees to plead guilty in exchange for dismissal of other charges and a State recommendation for a 
specific
 sentence must move to vacate his plea if he desires appellate review of his sentence on appeal.  
Evans
, 174 Ill. 2d at 332. 

In 
People v. Clark
, 183 Ill. 2d 261 (1998), our supreme court addressed a situation in which a defendant pleaded guilty in exchange for the State's agreement to recommend a 
particular
 sentence.  Left to be resolved by the trial court was the question of whether the sentence was to be served concurrently with or consecutively to sentences imposed by another state.  The supreme court concluded that the defendant was required to move to vacate the judgment and withdraw the guilty plea because the plea was given in exchange for a "
specific
" sentence, regardless of whether concurrent or consecutive sentencing was required by statute.  See 
Clark
, 183 Ill. 2d at 268.  Most recently, the court expanded its rulings in 
Evans
 and 
Clark
 and held that a defendant pleading guilty in exchange for a recommended sentencing 
cap
 made by the State must move to vacate judgment and withdraw his plea before appealing a sentence imposed at or beneath the sentencing cap.  See 
Linder
, No. 83415 (Ill. February 19, 1999).  The supreme court's rationale behind these cases is one of contract law; 
i.e.
, where the defendant and the State enter into a plea agreement, allowing the defendant to challenge the sentence without first moving to withdraw his plea unfairly holds the State to the agreement while allowing the defendant the opportunity to unilaterally modify the terms of the agreement.  See 
Linder
, slip op. at 6.

The majority in the case before us takes the contract rationale of 
Linder
, 
Clark
, and 
Evans
, wherein some agreement as to sentencing recommendations existed, and applies it to a situation where 
neither an agreement nor a discussion as to sentence was ever broached
.  The majority claims to find a sentencing agreement in the fact that the reduced charge to which defendant pleaded guilty was subject to lesser penalties than the State's original charge against defendant; therefore, according to the majority, defendant agreed to any sentence accessible to the court under the new charge.  At best, this rationale is speculative.  There is no evidence of record that the State would have sustained its burden of proof had it been required to proceed on the original charges.  The line of cases upon which the majority relies all contained 
explicit
 agreements as to a specific sentence or sentencing cap.  This majority today extends the reasoning of 
Evans
 and 
Clark
 and the expanded 
Linder
 to cover what it finds to be an 
implicit
 agreement as to sentence.  The supreme court has not ventured into these waters even in 
Linder
, and this court is making assumptions not previously sanctioned by principles of law, equity, or fundamental fairness.  Defendant and the State stipulated that the amount of cocaine involved was less than five grams as opposed to the 400 to 900 grams originally charged.  Did the State overcharge the defendant in light of the stipulation?  Neither the majority nor I know why the State reduced the charges.  There is no evidence, explicit or implicit, that part of the "bargain" was that defendant agreed to accept any sentence possible under the reduced charge in this case.  In the absence of an explicit agreement as to a sentence, neither party ought to be entitled to "expect" the entry of any particular sentence.  See 
Linder
, slip op. at 12 (Heiple, J., dissenting).  The defendant is 
not
, as the majority holds, trying to unilaterally modify "the agreement," and the State is 
not
 being held to the terms of "the agreement" (see 
Linder
, slip op. at 3) for the simple reason that 
there is no agreement
 as to sentence.  The majority has decided that it can find nonexistent sentencing agreements within plea bargains; one can only speculate at the  other agreements that may be found if the court looks hard and long enough.  

For example, if the defendant appeals the sentence, may the State prosecute the defendant on other charges that it originally agreed not to prosecute?  If the court denies a motion to vacate the plea, will not the State fail to obtain the benefit of its bargain so that it should be allowed to prosecute the defendant on the other charges?  Once nonnegotiated issues are deemed to inure to a party that has not seen fit to include the issues in the record of the plea agreement, then there is no logical limitation to the State's future contract claims.  I submit that the ultimate result will be the defendants' abandonment of plea negotiations.  It is naive to assume that the State obtains no benefit by 
not
 having to expend substantial sums of money to both prosecute nonindigent defendants and prosecute and defend indigent defendants in one or numerous trials. 

Justice Freeman has noted that the volume of appeals raising questions concerning the proper application of Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) indicates that our supreme court has not provided adequate guidance in this area.  See 
Linder
, slip op. at 7 (Freeman, C.J., specially concurring).  I agree that the line of cases culminating in 
Linder
 has raised more questions than it has answered.  

The basic question must be, under a contractual law template, what is the bargain?  
What is the agreement in the event a defendant attempts to appeal plain error or other errors not explicitly covered in the plea agreement?  Is a defendant required to withdraw his guilty plea when a trial court clearly abuses its discretion in imposing sentence under a cap agreement?  Is the trial court required to grant a motion to withdraw a guilty plea?  Should the State have any right to object to a motion to withdraw the plea?  If such a motion is denied, does the State have the right to prosecute any charges it may have 
nol-prossed
, because the defendant has "breached" his agreement to plead guilty?

I submit that these problems would be resolved if the State is required to negotiate all the rights to which it claims entitlement and include them in the plea agreement in the record.  If the agreement on the record does not require defendant to move to withdraw his guilty plea before appealing an abuse of discretion in sentencing, then the State is not denied the benefit of its bargain when the defendant fails to so move.  Just because there is some bargain does 
not
 mean that the parties agreed that all matters not specifically contained in the agreement inure to the benefit of one party over another.  Our supreme court and the majority in this case have grafted a new term into all plea agreements
 in an effort to insure that the State gets the benefit of its "bargain."  However, the State receives the benefit of the bargain in avoiding trial.  The cost of going to trial is, for many defendants, low; indigent defendants are represented by the public defender and incur little if any cost if a case goes to trial.  The State's cost of proceeding to trial, on the other hand, is quite high.  If no defendant were to plead guilty, the State would be required to build more courtrooms and jails and employ additional judges, prosecutors, courtroom personnel and public defenders.  Therefore, by inducing a defendant to plead guilty, the State receives a substantial benefit.  The major benefit of the State's bargain is realized by avoiding trial; avoiding an appeal is secondary and, if agreed to by the parties, can be realized.

Further, the logical inference of 
Linder
 leads to the conclusion that the State must also be allowed to appeal the discretionary imposition of sentence as well as any other claim of error.  The State cannot receive what it perceives to be the benefit of its bargain without the right to appeal.  If the defendant is sentenced to less than an agreed-upon range or appeals a negotiated sentence  that included a no-appeal clause, the State would be left with less than it bargained for if appeal is automatically foreclosed to it.  
Linder
 and its predecessors have analyzed plea agreements strictly in contract terms; if contract is the accepted analysis, then criminal law theories regarding the State's right to appeal are out of place and hinder the true application of the law regarding settlement agreements.

The State received the benefit it sought in this case when defendant pleaded guilty.  No agreement as to sentence was reached; the court was to exercise its full discretion in imposing sentence.  Following established precedent in this district (see 
People v. Wendt
, 283 Ill. App. 3d 947 (1996)) defendant should have been allowed to challenge his sentence on appeal without first moving to vacate the judgment and withdraw his plea.  I would address the merits of this appeal and not dismiss it.  I, therefore, respectfully dissent.