THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD L. MAST, Defendant-Appellant.

Second District   No. 2—98—0690

Opinion filed June 30, 1999.

G. Joseph Weller and Paul Alexander Rogers, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Richard Mast, appeals the trial court's order denying his motion to reconsider sentence. Defendant requests that this court summarily reverse and remand this cause for further proceedings in compliance with Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)).

Defendant was charged by indictment with 12 counts of reckless homicide. 720 ILCS 5/9—3(b) (West 1996). All charges pertained to the death of the same individual, Nicole Izzo. On March 23, 1998, defendant pleaded guilty to count I, which alleged that he had been driving "while under the influence of cocaine to a degree which rendered him incapable of safely driving" and that he had acted recklessly by driving "at a speed which was greater than reasonable and proper." In exchange for the guilty plea, the State agreed to dismiss the other counts of the indictment. No agreement was made regarding defendant's sentence. After admonishing defendant and hearing a factual basis, the trial court accepted the plea, describing it as an "open" plea. The court commented that there was no agreement as to a specific sentence. The court set the matter for sentencing.

At the sentencing hearing, held on May 8, 1998, the trial court sentenced defendant to a term of five years' imprisonment and ordered him to pay restitution of $2,432.

On May 12, 1998, defendant filed a motion to reconsider his sentence. The motion was heard on May 26. At the beginning of the hearing, defense counsel filed a certificate of compliance with Supreme Court Rule 604(d). As counsel filed the certificate, he commented, "I'm filing it in court today. I did receive the transcripts, thanks to the Court Reporters." The certificate indicated that counsel had consulted with defendant to determine defendant's contentions of error in the case and had also "examined the trial court file and report of proceedings of the sentencing hearing." Following the hearing, the trial court denied defendant's motion. Thereafter, defendant filed a timely notice of appeal.

■ Initially, we address the question raised by the State regarding whether defendant's guilty plea can be characterized as an "open" plea. Relying on *People v. Evans*, 174 Ill. 2d 320 (1996), the State contends that any concession by the State converts an open plea into a negotiated plea. The State asserts that defendant's plea should be considered a "negotiated" plea because, in exchange for defendant's guilty plea, the State agreed to dismiss the other charges against defendant and to allow for certain sentencing considerations, *i.e.*, a sentence within the statutory sentencing range allowed for the offense with which defendant was charged. The State maintains that, if defendant's plea constitutes a negotiated plea, compliance with Supreme Court Rule 604(d) is not required. This court, then, would be required to dismiss defendant's appeal because of his failure to file a motion to withdraw his guilty plea before challenging his sentence on appeal.

We consider defendant's plea to be in the nature of a "partially negotiated" plea and note that the supreme court has not yet resolved whether a defendant whose guilty plea was partially negotiated in the manner that occurred here may challenge only his sentence on review.

In *Evans*, the defendants and the State entered into negotiated plea agreements in which the defendants pleaded guilty to certain charges in exchange for the State's agreement to dismiss other charges *and* recommend *specific* sentences. Under those particular circumstances, our supreme court held that, if a defendant in a negotiated plea agreement case wanted to challenge only his sentence, he must move to withdraw the guilty plea and vacate the judgment against him before seeking review of his case. *Evans*, 174 Ill. 2d at 332. The court determined that to allow otherwise would have the effect of holding the State to its part of the negotiated plea agreement while permitting defendant to unilaterally renege or modify the sentence to which he had previously agreed. *Evans*, 174 Ill. 2d at 327.

The supreme court took the *Evans* holding one step further in

*People v. Linder*, 186 Ill. 2d 67 (1999). In *Linder*, defendants in two separate cases had agreed to plead guilty to certain charges in exchange for the State's dismissing other charges and recommending a sentencing cap. In each case the sentencing cap was less than the potential maximum sentence each defendant could have received had he not agreed to a cap. The court held that, where a defendant pleads guilty in exchange for the State's dismissal of certain charges *and* the State's recommendation of a *cap* on his sentence, the defendant could not file a motion to reconsider his sentence without first moving to withdraw his guilty plea. *Linder*, 186 Ill. 2d at 72. Relying on *Evans*, the court reasoned that, where the sentence imposed is within the agreed-upon cap, permitting a defendant to seek reconsideration of his sentence without also moving to withdraw his guilty plea unfairly binds the State to the terms of the plea agreement while allowing the defendant the opportunity to modify or avoid those terms. *Linder*, 186 Ill. 2d at 74.

Relying on the findings in *Evans* and *Linder*, this court in *People v. Knowles*, 304 Ill. App. 3d 472 (1999), and *People v. Wyatt*, 305 Ill. App. 3d 291 (1999), reached different conclusions regarding the issue of whether a defendant who had entered into in a "partially negotiated" plea agreement may file a motion to reconsider his sentence without first moving to withdraw his guilty plea. In both cases the plea agreement did not provide for a specific sentence or a sentencing cap. In *Knowles*, the defendant pleaded guilty in exchange for the State's agreement to charge him with a less harsh drug offense than the one for which he was originally indicted. Because the severity of the charge was reduced, the sentence the defendant faced was also reduced. No agreement was made between the State and the defendant regarding a specific sentence or a sentencing cap. This court, with Justice McLaren dissenting, determined that "even though the [plea] agreement did not specifically provide a sentence or a cap on a sentence, the agreement did present sentencing possibilities to the defendant that were not available to the defendant under the original indictment." *Knowles*, 304 Ill. App. 3d at 474. The court concluded that allowing the defendant to unilaterally modify the agreement while binding the State to the terms of the agreement would violate the policy set forth by the supreme court in *Linder* and *Evans*. *Knowles*, 304 Ill. App. 3d at 474.

In *Knowles*, Justice McLaren disagreed with the majority's application of the contract rationale of *Linder*, *People v. Clark*, 183 Ill. 2d 261 (1998), and *Evans* to the situation in *Knowles*. In *Linder*, *Clark*, and *Evans*, some agreement as to sentencing recommendations had existed, but in *Knowles* "*neither an agreement nor a discussion as*

*to sentence was ever broached."* (Emphasis in original.) *Knowles*, 304 Ill. App. 3d at 476 (McLaren, J., dissenting). Justice McLaren considered speculative the majority's finding that by pleading to the reduced charge, which was subject to lesser penalties than the State's original charge against him, the defendant had agreed to any sentence accessible to the court under the new charge and that, therefore, this amounted to a sentencing agreement. *Knowles*, 304 Ill. App. 3d at 476 (McLaren, J., dissenting). According to the dissenting justice, the majority had extended the reasoning of *Evans, Clark,* and *Linder* "to cover what it finds to be an *implicit* agreement as to sentence." (Emphasis in original.) *Knowles*, 304 Ill. App. 3d at 476 (McLaren, J., dissenting). Justice McLaren pointed out that the supreme court had not, thus far, "ventured into these waters." *Knowles*, 304 Ill. App. 3d at 476-77 (McLaren, J., dissenting). Justice McLaren concluded that no evidence, explicit or implicit, existed to show that as part of the plea agreement the defendant had agreed to accept any sentence possible under the reduced charge. *Knowles*, 304 Ill. App. 3d at 477 (McLaren, J., dissenting). Therefore, the defendant was not attempting to unilaterally modify "the agreement," and the State was not bound to the terms of the "agreement" because no agreement existed as to sentence. *Knowles*, 304 Ill. App. 3d at 477 (McLaren, J., dissenting). Consequently, defendant should have been allowed to challenge his sentence on appeal without first moving to vacate the judgment and withdraw his plea. *Knowles*, 304 Ill. App. 3d at 479 (McLaren, J., dissenting).

In *Wyatt*, our court reached a contrary result from that of the majority in *Knowles*. In *Wyatt*, the defendant agreed to plead guilty to charges of burglary and escape in exchange for the State's agreement to nol-pros a theft charge and to forego prosecution of further charges. Justice McLaren, writing for the majority, rejected the State's contention that, under *Evans*, any concession on its part in a plea negotiation makes a guilty plea negotiated and, therefore, defendant was required to move to withdraw his guilty plea before attacking his sentence on review. The majority pointed out that the supreme court has held that, where a plea agreement includes a recommendation of a specific sentence or a sentencing cap, a defendant must first move to vacate the judgment and withdraw his guilty plea prior to challenging his sentence on appeal. *Wyatt*, 305 Ill. App. 3d at 294. But, the majority pointed out, "the court has not required that defendants withdraw their guilty pleas in the absence of some agreement as to sentence, even where other agreements, such as the reduction or dismissal of charges, exist." *Wyatt*, 305 Ill. App. 3d at 294. The majority then referred to prior decisions of this court that have held that partially

negotiated pleas that do not include a sentencing agreement do not require the withdrawal of the guilty plea. See *Wyatt*, 305 Ill. App. 3d at 294. The majority concluded that, because the plea agreement in *Wyatt* did not involve an agreement as to sentence, the sentence imposed was left to the court's discretion and, therefore, the defendant was not required to withdraw his guilty plea before challenging his sentence. *Wyatt*, 305 Ill. App. 3d at 294.

We agree with the decision reached by the majority in *Wyatt*, adopt the reasoning of the dissent in *Knowles*, and find that, thus far, our supreme court has not determined that the type of partially negotiated agreements involved in *Knowles*, *Wyatt*, and the present case preclude a defendant from challenging his sentence on appeal before withdrawing his guilty plea. We do not believe that the decision in *Evans* or *Linder* contemplated that an agreement by the State to reduce or dismiss charges against a defendant in exchange for the defendant's plea to the reduced or remaining charges, which has the effect of reducing the sentencing range or the number of sentences a defendant could face, constituted an implicit agreement as to sentence.

As Justice Freeman pointed out in his special concurrence in *Linder*, not all negotiated pleas are the same. *Linder*, 186 Ill. 2d at 77 (Freeman, C.J., specially concurring). Among the three different "negotiated" plea scenarios described by Justice Freeman is the "negotiated as to charge" plea, wherein a defendant pleads guilty solely in exchange for the State's dismissal of remaining or outstanding charges or in exchange for the State's reduction of the original charge to a lesser offense. *Linder*, 186 Ill. 2d at 77 (Freeman, C.J., specially concurring). Under this scenario, the State does not make "any facet" of sentencing an inducement for the defendant in its plea bargain. *Linder*, 186 Ill. 2d at 79-80 (Freeman, C.J., specially concurring). The plea, therefore, for purposes of the sentencing hearing, more closely resembles an "open" plea, wherein defendant pleads guilty without any inducement from the State, rather than the "negotiated" plea at issue in *Evans*. *Linder*, 186 Ill. 2d at 77, 80 (Freeman, C.J., specially concurring). In this type of negotiated plea situation, *i.e.*, the "negotiated as to charge" plea, the circuit court exercises its full discretion in deciding the sentence to be imposed. *Linder*, 186 Ill. 2d at 77 (Freeman, C.J., specially concurring).

Here, as in *Knowles* and *Wyatt*, it was this "negotiated as to charge" plea that was before the court. There was no agreement as to a specific sentence or a sentencing cap. Rather, the plea was only partially negotiated because, although the State agreed to drop certain charges in exchange for defendant's plea, the parties reached no agreement on sentencing. The court, therefore, had the discretion to impose

any sentence within the statutory range for the offense to which defendant pleaded.

As we previously determined in *People v. Johnson*, 286 Ill. App. 3d 597, 600 (1997), *rev'd on other grounds*, *People v. Latona*, 184 Ill. 2d 260 (1998), the same policy reasons applicable to "open" pleas apply here. No logical basis exists "to allow a defendant who has no agreement with the State to challenge the court's discretion in imposing sentence, while denying such a right to a defendant who agrees with the State on issues not related to the sentence, leaving the sentence to the court's discretion." *Johnson*, 286 Ill. App. 3d at 600. Accordingly, we conclude that, because the trial court exercised its discretion in sentencing defendant rather than imposing an agreed-upon sentence or a sentence within a sentencing cap, defendant's motion to reconsider his sentence was proper.

We proceed, therefore, with consideration of defendant's contention that the failure of his counsel to comply with the certification requirement of Supreme Court Rule 604(d) invalidates the trial court's order denying defendant's motion to reconsider and entitles him to a remand for new proceedings on that motion. Defendant challenges the sufficiency of the Rule 604(d) certificate filed by defense counsel, arguing that it was deficient in two respects. Defendant first argues that the certificate was deficient because defense counsel failed to include a statement showing that he examined the transcript of the guilty plea hearing as required by Rule 604(d). Defendant also contends that the certificate was deficient because his counsel failed to certify that he made any necessary amendments to the motion.

The State responds that, given the particular circumstances of this case, defense counsel complied with Rule 604(d). As support for its position, the State relies on the fact that defendant had the same attorney throughout the proceedings, including at the guilty plea and sentencing hearings. Based on this fact, the State concludes that defense counsel's failure to mention his review of the guilty plea proceedings in his certificate constituted nothing more than a mere "scrivener's error." Additionally, the State speculates that, because counsel's Rule 604(d) certificate referenced the review of the court file and the file contained the necessary transcripts, it "strains ones [*sic*] credulity to accept the premise" that counsel would have failed to review the guilty plea transcript.

■ We, however, agree with defendant that the cause should be remanded for compliance with Rule 604(d). Rule 604(d) states that defense counsel

"shall file with the trial court a certificate stating that the attorney has consulted with the defendant *** to ascertain his contentions

of error in the sentence or the entry of the plea of guilty, *has examined the trial court file and report of proceedings of the plea of guilty*, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (Emphasis added.) 145 Ill. 2d R. 604(d).

The failure to strictly comply with each of the provisions of Rule 604(d) requires a "remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." *People v. Janes*, 158 Ill. 2d 27, 33 (1994).

■ The record contains defense counsel's certificate of compliance with Rule 604(d). That certificate states:

"I have consulted with the Defendant in person to ascertain his contentions of error in this cause; and *** I have examined the trial court file and report of proceedings of the sentencing hearing."

Based on the above language, we believe that defense counsel failed to strictly comply with the requirements of Rule 604(d). We reject the State's speculation that defense counsel could not have failed to review the guilty plea transcript when he reviewed the court file. Although defense counsel acknowledged on the date of the hearing on defendant's motion for reconsideration of his sentence that he "did receive the transcripts" from the "Court Reporters" and those transcripts contained both the guilty plea and sentencing proceedings, it does not automatically follow that defense counsel examined or even read the proceedings relating to defendant's plea. Moreover, as defendant points out, it is unclear from counsel's statement as to which transcripts he is referring, especially in light of the fact that none of the transcripts, including the guilty plea transcript, were filed until two months following the hearing.

We also reject the State's argument that, because the same attorney had represented defendant throughout the proceedings, the attorney's failure to state that he had examined the guilty plea transcript amounted to a mere scrivener's error. Rather, we agree with defendant that referring to the omission in question as a scrivener's error is a "gross mischaracterization." As defendant indicates, the defect in the certificate did not constitute a "typographical error or careless omission of a dispensable term."

Furthermore, the fact that the same attorney represented defendant throughout the proceedings did not excuse his failure to examine the guilty plea transcript as required by Rule 604(d). The certificate failed to contain a statement indicating that defense counsel had reviewed the proceedings of the plea of guilty, and we are not persuaded by the State's assertion that strict compliance with Rule

604(d) "does not necessarily mean literalistic compliance which ignores the reality of the situation at bar." Our supreme court has made it emphatically clear that strict compliance with each of the provisions set forth in Rule 604(d) is required (*Janes*, 158 Ill. 2d at 33), and, therefore, we will not ignore that policy.

Defendant has also contended that the Rule 604(d) certificate was defective because defense counsel failed to include language that he had made any necessary amendments to the motion to reconsider. However, as we have already determined that the certificate was defective because of counsel's failure to include a statement indicating that he had examined the transcript of the guilty plea hearing, we need not consider this additional alleged defect.

In accordance with the reasons set forth above, we reverse the judgment of the circuit court of Du Page County and remand this cause for compliance with Rule 604(d). Defendant shall be allowed to file a new motion to reconsider his sentence and shall be allowed a new hearing on that motion.

Reversed and remanded with directions.

INGLIS and HUTCHINSON, JJ., concur.