THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEFFREY M. HUNZICKER, Defendant-Appellant.

Third District   No. 3—98—0276

Opinion filed November 24, 1999.

Sherry R. Silvern, of State Appellate Defender's Office, of Ottawa, for appellant.

Stewart Umholtz, State's Attorney, of Pekin (John X. Breslin and Richard T. Leonard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

Defendant Jeffrey M. Hunzicker was charged with Class X unlawful possession of a controlled substance (cocaine) with intent to deliver (720 ILCS 570/401(a)(2)(A) (West 1994)) and unlawful possession with intent to deliver cannabis, a Class 2 felony (720 ILCS 550/5(e) (West 1994)). Following negotiations with the State, he pleaded guilty to Class 1 unlawful possession of a controlled substance (720 ILCS 570/402(a)(2)(A) (West 1994)) with no agreement as to sentence. Defendant was subsequently sentenced to a 10-year term of imprisonment and ordered to pay $5,000 in fines.

Defendant appeals, arguing that (1) his 10-year sentence consti-

tutes an abuse of the trial court's discretion; and (2) he is entitled to a $735 reduction in his fines for the period of his presentence incarceration. We affirm defendant's sentence and modify the sentencing order to reflect monetary credit against his fines.

## FACTS

The State's factual basis established that drug enforcement agents executed a warrant to search defendant's apartment on March 8, 1995. As a result of the search, they seized 48.1 grams of cocaine, a large quantity of suspected cannabis and $3,150 in currency. The street value of the cocaine was $100 per gram. Based on these facts, the court accepted defendant's plea of guilty to Class 1 unlawful possession of a controlled substance, and the cannabis charge was dismissed pursuant to the parties' agreement.

The presentence investigation report showed that defendant had prior convictions in 1982 and 1985 for unlawful possession of a controlled substance, for which he had received sentences of probation. At the sentencing hearing for the instant offense, the prosecutor introduced in aggravation reports showing that defendant was arrested for unlawful possession of a controlled substance while on bond for the offense in this case.

In mitigation, defendant introduced letters of commendation from elderly people for whom defendant had presented free musical performances in 1995. In addition, defendant explained to the judge that he had used controlled substances for several years to control the symptoms of attention deficit disorder (ADD). He said the drug helped him to concentrate, but he knew he would have to find a legal substitute. Defendant said he wanted to rededicate his life to lawful pursuits, including teaching philosophy and helping others with ADD.

The court found factors in aggravation based on defendant's criminal history and his commission of another offense while on bond. In mitigation, the court observed that defendant was a nonviolent person and posed no threat to others. The court then sentenced defendant to 10 years' imprisonment with credit for time served and ordered him to pay a $5,000 fine. Defendant's motion to reduce sentence was denied, and he appeals.

## ANALYSIS

### A. Term of Imprisonment

Defendant initially argues that the trial judge abused his discretion in imposing a 10-year term of imprisonment. The State responds that defendant is estopped from challenging his sentence or, in the alternative, the sentence was not an abuse of discretion.

## 1. *Withdrawal of Plea*

We must first consider the State's argument that the plea agreement would be vitiated if defendant were permitted to challenge only his sentence without first withdrawing his guilty plea. The State suggests that permitting defendant to appeal the severity of his sentence without returning the parties to the status quo *ante* is the type of gamesmanship criticized by our supreme court in *People v. Evans*, 174 Ill. 2d 320, 673 N.E.2d 244 (1996).

In *Evans*, two defendants entered fully negotiated guilty pleas. Subsequently, they moved for a reduction of sentence. The supreme court ruled that the defendants were not entitled to challenge the severity of their fully negotiated sentences without first withdrawing their guilty pleas to reduced charges and vacating judgment pursuant to Supreme Court Rule 604(d). 145 Ill. 2d R. 604(d). Applying contract principles, the court reasoned that defendants who challenged their sentences could not hold the State to its end of the bargain. *Evans*, 174 Ill. 2d 320, 673 N.E.2d 244.

The *Evans* rationale was subsequently extended to partially negotiated agreements with sentencing caps. *People v. Linder*, 186 Ill. 2d 67, 708 N.E.2d 1169 (1999). The *Linder* majority ruled that defendants in such cases are also required to withdraw their guilty pleas before challenging their sentences. However, in a special concurrence, Justice Freeman noted that not all partially negotiated pleas are alike. *Linder*, 186 Ill. 2d at 77, 708 N.E.2d at 1174 (Freeman, C.J., specially concurring).

■ Justice Freeman observed that partially negotiated pleas fall into two categories: "negotiated as to charge" agreements involving no agreement as to sentence; and "negotiated as to charge and/or sentence" agreements. In the former, the defendant's plea is given in exchange for the prosecutor's agreement only to reduce the degree of the offense and/or dismiss other charges. The prosecutor in such cases retains the option of arguing for any sentence within the statutory range, and the trial court exercises its full discretion in imposing sentence. In a "negotiated as to charge and/or sentence" agreement, the prosecutor includes a sentencing inducement, such as a cap or reduced range, in exchange for the defendant's plea.

Justice Freeman observed that, with respect to sentencing, a "negotiated as to charge" agreement was more akin to an "open" plea, in which the sentence may be challenged without impairing the defendant's agreement with the State. By contrast, a "negotiated as to charge and/or sentence" agreement does entail a sentencing concession on the part of the State. In such cases, the State would lose the benefit of a material element of its bargain if the defendant were al-

lowed to have his sentence reconsidered without first withdrawing his plea. *Linder*, 186 Ill. 2d at 77-80, 708 N.E.2d at 1174-75 (Freeman, C.J., specially concurring).

Subsequent to *Linder*, three appellate court decisions, all from the second district, were handed down in cases relevant to the issue presented in this case. In the first, *People v. Wyatt*, 305 Ill. App. 3d 291, 712 N.E.2d 343 (1999), the State agreed to dismiss charges in exchange for the defendant's guilty plea to one of the original charges. There was no agreement as to sentence. The *Wyatt* majority, relying on Chief Justice Freeman's special concurrence in *Linder*, reasoned that a partially negotiated plea which does not involve a sentencing agreement leaves the sentencing decision entirely to the court's discretion. Therefore, the court concluded, the sentence may be challenged without violating the contract between the defendant and the State and without withdrawing the guilty plea. *Wyatt*, 305 Ill. App. 3d 291, 712 N.E.2d 343.

In *People v. Knowles*, 304 Ill. App. 3d 472, 710 N.E.2d 1238 (1999), the court extended the rule of *Evans* to a partially negotiated agreement in which the prosecutor reduced the degree of the offense, but made no agreement with respect to sentence. Without reference to Chief Justice Freeman's special concurrence in *Linder*, the majority held that the defendant had to withdraw his guilty plea and vacate judgment pursuant to Rule 604(d) before seeking review of his sentence. *Knowles*, 304 Ill. App. 3d 472, 710 N.E.2d 1238. Justice McLaren, who had authored the majority opinion in *Wyatt*, filed a dissenting opinion in *Knowles* questioning the majority's application of contract principles to cases where no agreement is made with respect to sentence. *Knowles*, 304 Ill. App. 3d at 477, 710 N.E.2d at 1241 (McLaren, J., dissenting).

■ The third case, *People v. Mast*, 305 Ill. App. 3d 727, 713 N.E.2d 242 (1999), involved the defendant's guilty plea given in exchange for the prosecutor's dismissal of other charges but without a sentencing agreement. The court reviewed the supreme court's rationale in *Evans* and *Linder* and revisited the *Wyatt/Knowles* conflict. The court ultimately ruled that "negotiated as to charge" pleas did not have to be withdrawn before the defendant could challenge his sentence. The court concluded,

"We agree with the decision reached by the majority in *Wyatt*, adopt the reasoning of the dissent in *Knowles*, and find that, thus far, our supreme court has not determined that the type of partially negotiated agreements involved in *Knowles*, *Wyatt*, and the present case preclude a defendant from challenging his sentence on appeal before withdrawing his guilty plea. We do not believe that the deci-

sion in *Evans* or *Linder* contemplated that an agreement by the State to reduce or dismiss charges against a defendant in exchange for the defendant's plea to the reduced or remaining charges, which has the effect of reducing the sentencing range or the number of sentences a defendant could face, constituted an implicit agreement as to sentence." *Mast*, 305 Ill. App. 3d at 732, 713 N.E.2d at 245.

■ In our opinion, *Mast* correctly resolved the issue before us today. The "negotiated as to charge" agreement in this case entailed no sentencing inducement from the State. See *Linder*, 186 Ill. 2d at 77, 708 N.E.2d at 1174. (Freeman, C.J., specially concurring). The State received the full benefit of its bargain by avoiding trial, and the circuit court exercised its full discretion in deciding the sentence to be imposed. See *Knowles*, 304 Ill. App. 3d at 478, 710 N.E.2d at 1241-42 (McLaren, J., dissenting). Accordingly, we hold that defendant was not required to withdraw his guilty plea, and we will review his sentencing challenge. See *Mast*, 305 Ill. App. 3d 727, 713 N.E.2d 242.

## 2. *Excessive Sentence*

■ Defendant argues that his 10-year prison sentence constitutes an abuse of discretion and should be reduced because he has demonstrated rehabilitative potential. We disagree.

A sentencing court must consider the defendant's history, his character and his rehabilitative potential, as well as the seriousness of the offense, the need to protect the public and the need for deterrence and retribution. *People v. Johnson*, 223 Ill. App. 3d 169, 584 N.E.2d 515 (1991). The court is not required to give greater weight to the defendant's rehabilitative potential than to the circumstances of the offense. *People v. Brown*, 218 Ill. App. 3d 890, 578 N.E.2d 1168 (1991). It is presumed that the court considered all mitigating evidence absent some indication, other than the sentence itself, to the contrary. *People v. McCarthy*, 213 Ill. App. 3d 873, 572 N.E.2d 1219 (1991). On review, this court will not reweigh sentencing factors or substitute its judgment for that of the trial court. *People v. Streit*, 142 Ill. 2d 13, 566 N.E.2d 1351 (1991). A sentence that falls within the statutory range will be upheld unless it is an abuse of discretion. *People v. Perruquet*, 68 Ill. 2d 149, 368 N.E.2d 882 (1977).

The record in this case demonstrates that the sentencing judge considered all of the evidence presented in mitigation, including evidence of rehabilitative potential. However, defendant's recidivism even while on bond in this case weighed against a sentence at the lower end of the 4- to 15-year range for the Class 1 offense. See 730 ILCS 5/5—8—1(a)(4) (West 1994). We cannot say based on the record before us that the trial court abused its discretion; accordingly, we affirm defendant's sentence.

## B. Sentencing Credit

■ Defendant also requests that this court correct his sentencing order to reflect a $5-per-day credit for 147 days of pre-sentence incarceration. The State confesses error in this regard. See *People v. Woodard*, 175 Ill. 2d 435, 677 N.E.2d 935 (1997). Accordingly, we hereby modify defendant's sentencing order to reflect a credit of $735 against his fines.

## CONCLUSION

Defendant's sentence is affirmed, and the sentencing order is modified to reflect a $735 credit against his fines.

Affirmed in part; sentencing order modified.

HOLDRIDGE, P.J., and HOMER, J., concur.