# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Dickey*, 2011 IL App (3d) 100397

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROY DICKEY, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-10-0397 |
| Filed | November 16, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a prosecution for aggravated battery arising from a bar fight, the evidence was sufficient to sustain defendant's conviction, the sentence of 30 days in the county jail was not an abuse of discretion, but the sentencing order, including the order of restitution, was vacated and the cause was remanded for consideration of defendant's ability to pay in setting the time in which the restitution had to be paid and for imposition of the mandatory fine for the Violent Crime Victims Assistance Fund with credit for defendant's presentence incarceration. |
| Decision Under Review | Appeal from the Circuit Court of La Salle County, No. 09-CF-403; the Hon. H. Chris Ryan, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part; cause remanded. |

Counsel on
Appeal

Rachel J. Hess, of Law Office of Rachel J. Hess, of St. Charles, for appellant.

Brian Towne, State's attorney, of Ottawa (Terry A. Mertel and Richard T. Leonard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE SCHMIDT delivered the judgment of the court, with opinion. Justices McDade and Wright concurred in the judgment and opinion.

**OPINION**

¶ 1    The State charged defendant, Roy Dickey, with aggravated battery in connection with a bar fight. Defendant claimed he acted in self-defense. Following a bench trial, the trial court convicted him of aggravated battery then sentenced him to probation and 30 days in county jail and ordered him to make restitution to the victim. Defendant appeals his conviction and sentence claiming: (1) the State failed to prove beyond a reasonable doubt that defendant did not act in self-defense; (2) the trial court did not consider all of the evidence before deciding the case; (3) the trial court abused its discretion when sentencing him to 30 days in county jail; (4) the trial court's order requiring him to pay $5,854.40 in restitution was improper; and (5) the trial court failed to grant him $5 credit toward his fines for each day he spent in pretrial custody.

¶ 2    For the reasons that follow, the conviction and the 30-day sentence are affirmed; the restitution order is vacated, and the cause is remanded for further proceedings.

¶ 3                                          FACTS

¶ 4    The charges arose from an altercation at the Two Fools bar in La Salle on August 14, 2009. A number of witnesses testified about what occurred at the bar. David Gruenwald testified that while he was at the bar, Gary Masters approached him. Gruenwald said that he and Masters spoke briefly inside the bar before going outside to smoke. They went outside to an alley where there were already two men and Gruenwald said, "What's up guys?" One of the two men then punched Gruenwald twice and threw him to the ground. At this point, all three of the men began hitting and kicking him. He did not know the name of the first man to hit him that night, but he identified that man as the defendant during trial. Gruenwald claimed he did nothing to provoke the attack and that he did not throw any punches. He said the incident seemed to last about 30 minutes and that it ended when he was picked up by an ambulance.

¶ 5        Courtney Lijewski testified that she was working at Two Fools as a bartender on the night of the fight. While she was talking with James Scheri, someone informed her that there were men outside arguing. Scheri and an off-duty doorman went out to see what was going on. Lucas Schweickert went out shortly after Scheri and the doorman. The doorman returned and told Lijewski to call the police because the people were fighting. While calling the police, she headed outside. Once outside she saw four men, one of whom was on the ground. She also saw one of the other men punching him. Once the three men found out she was on the phone with the police, they left. Lijewski only observed the fight for about 20 seconds. After the men left, she recognized the man on the ground as Gruenwald.

¶ 6        James Scheri testified that he went outside with Lijewski. He could hear people down the alley but could not see who the people were. He saw three dark silhouettes standing and could see and hear them punching and kicking the man on the ground.

¶ 7        Lucas Schweickert testified that he was at the bar with Scheri. He said they went out to have a cigarette and saw three men punching and kicking another man, who was on the ground. They tried to go toward the fight but someone threatened them. Schweickert initially told the police that he saw five or six men punching another man and knocking him to the ground. In another statement to the police, he reported there were two guys taking turns hitting the victim.

¶ 8        Officer Martin testified that he responded to the report of a fight. When Martin arrived defendant had a large amount of blood on his hands and shirt. The defendant told Martin that he fell down and did not need medical treatment. After further inquiry, defendant told Martin that he was struck in the face with a beer bottle while in the bar.

¶ 9        Gary Masters testified that he and Gruenwald went outside to talk about a debt Gruenwald owed him. After they had been outside for a couple of minutes, the defendant joined them. According to Masters, Gruenwald tried to hit Masters but Masters ducked, causing Gruenwald to hit defendant in the back of the head. In response, defendant grabbed Gruenwald and "whipped him" by tackling Gruenwald to the ground and then hitting him five or six times. Masters then pulled defendant off of Gruenwald.

¶ 10       Defendant testified that he approached Masters and Gruenwald while they were talking outside the bar. When he turned to leave, he was punched in the back of the head. He tackled Gruenwald and hit him in the face five or six times and possibly in the stomach, but he never kicked him.

¶ 11       Prior to announcing his ruling, the judge referred to Lijewski, Scheri and Schweickert as the "independents," finding they had no "motive, bias, prejudice, or any interest in this particular matter," as opposed to Masters, Gruenwald and defendant. The judge indicated that the description of the events by the "independents" was the correct version of what happened. He found that while Gruenwald probably started the fight, defendant's actions in punching and kicking Gruenwald while he was on the ground, and the fact that defendant had to be pulled off of Gruenwald by Masters, showed that he had gone beyond self-defense in his actions. The trial court found defendant guilty and sentenced him to probation and 30 days in county jail and ordered him to make restitution. Following the denial of his posttrial motion, defendant filed this appeal.

## ANALYSIS

### 1. Sufficiency of the Evidence

Defendant argues the State failed to adduce evidence sufficient to prove every element of the offense charged beyond a reasonable doubt. When entertaining a sufficiency of the evidence argument on appeal, the court will only overturn a guilty verdict if, after viewing the evidence in the light most favorable to the State, we determine that no " 'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *People v. Collins*, 106 Ill. 2d 237, 261 (1985) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Defendant admitted he struck Gruenwald; he testified that he acted in self-defense. His argument is that the State failed to prove beyond a reasonable doubt that he did not act in self-defense. Before the State must prove beyond a reasonable doubt that defendant did not act in self-defense, "the defendant must establish some evidence of each of the following elements: (1) force is threatened against a person; (2) the person threatened is not the aggressor; (3) the danger of harm was imminent; (4) the threatened force was unlawful; (5) he actually and subjectively believed a danger existed which required the use of the force applied; and (6) his beliefs were objectively reasonable." *People v. Jeffries*, 164 Ill. 2d 104, 127-28 (1995). The State does not need to disprove each element; it is sufficient to disprove any one element beyond a reasonable doubt. *Id.* at 128.

The trial court believed that Gruenwald probably started the fight, but found defendant did not act in self-defense as the State disproved the fifth and sixth elements of self-defense. Viewing the evidence in the light most favorable to the State, it is clear that defendant tackled Gruenwald to the ground and hit and kicked him while he was on the ground. Ultimately, defendant had to be pulled off of the victim. The court specifically found the testimony of Lijewski, Scheri and Schweickert to be the correct version of what happened. We find that no rational fact finder could find that defendant reasonably believed that the victim, who was lying on the ground, created a danger to the defendant requiring the continued application of force. Therefore, the evidence is sufficient to prove defendant guilty beyond a reasonable doubt.

### II. Failure to Consider All the Evidence

Defendant argues that the trial court failed to consider all the evidence before reaching a verdict. He did not raise this issue in an objection or in his posttrial motion. In his brief to this court, he did not argue that this issue should be reviewed for plain error. The State argues that defendant forfeited this issue by not raising it with the trial court as an objection or in his posttrial motion.

A defendant who fails to both object to an error at trial and in a posttrial motion forfeits that issue on appeal. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Appropriate issues may still be reviewed on appeal for plain error. *Id.* However, a defendant who fails to argue for plain-error review in either his opening or reply brief forfeits any plain-error review by this court. *People v. Moss*, 205 Ill. 2d 139, 168 (2001); *People v. Williams*, 193 Ill. 2d 306, 347-48 (2000). The State argues that defendant failed to argue for plain-error review in his

opening brief; he also failed to file a reply brief. This issue is forfeited. We do not review it.

¶ 19                          III. 30 Days in the County Jail

¶ 20     Defendant argues that the portion of his sentence requiring him to spend 30 days in county jail was excessive and manifestly disproportionate to the seriousness of the crime. When imposing a sentence, the trial court enjoys broad discretion as it is in a better position than a reviewing court to consider such factors as credibility, demeanor, general moral character, mentality, social environment, habits and age. *People v. O'Neal*, 125 Ill. 2d 291, 297-98 (1988). Accordingly, we will not disturb a sentencing decision absent an abuse of the court's discretion. *People v. Perruquet*, 68 Ill. 2d 149, 153 (1977). A sentence that falls within the statutory range does not amount to an abuse of discretion unless it is manifestly disproportionate to the nature of the offense. *People v. Franks*, 292 Ill. App. 3d 776, 779 (1997). In *People v. Alexander*, 239 Ill. 2d 205 (2010), the Illinois Supreme Court stressed that the power to reduce a sentence should be exercised cautiously and sparingly. *Id.* at 212. In particular, a reviewing court should not reweigh sentencing factors or substitute its judgment for that of the trial court. *People v. Hunzicker*, 308 Ill. App. 3d 961, 966 (1999) (citing *People v. Streit*, 142 Ill. 2d 13 (1991)).

¶ 21     In this case, the maximum statutorily authorized sentence is five years in prison. 720 ILCS 5/12-4(e)(1) (West 2010); 730 ILCS 5/5-4.5-40(d) (West 2010). After careful review of the arguments made by defendant and the rationale stated by the trial court, we see no abuse of discretion.

¶ 22                            IV. Restitution Order

¶ 23     Defendant argues that while the trial court had the authority to order him to pay restitution, it failed to comply with two of the relevant statutory requirements. First, defendant claims the trial court failed to determine the victim's actual expenses due to the attack. 730 ILCS 5/5-5-6(b) (West 2010). Second, defendant notes the court failed to determine his ability to pay the restitution before setting a time for payment. 730 ILCS 5/5-5-6(f) (West 2010). Defendant also argues that the trial court erred in ordering him to pay the money to the La Salle County restitution fund. As such, defendant requests that we vacate the order of restitution.

¶ 24     The State concedes that the trial court failed to comply with these statutory requirements before entering the order of restitution. Further, the State agrees with defendant that the proper course is to vacate the order and remand for further proceedings to comply with section 5-5-6. We agree in part.

¶ 25     Section 5-5-6 requires the court to order restitution when, among other things, the defendant's criminal actions cause personal injury. 730 ILCS 5/5-5-6 (West 2010). The court must determine the actual costs incurred by the victim; a guess is not sufficient. *People v. Guajardo*, 262 Ill. App. 3d 747, 770 (1994). The *Guajardo* court also noted that the trial court "should *** determine[ ] on the record what [the] costs were." *Id.*

¶ 26     Defendant argues that the trial court did not have evidence from which it could determine

that $5,854.40 was the cost incurred by Gruenwald. This is simply not true. The presentence report contained bills for Gruenwald's medical care totaling $5,854.40. At the sentencing hearing, the court asked defense counsel if he had any objections to the presentence report and he did not. The trial court recognized it was required to order restitution and did in an amount equal to the costs proved by Gruenwald. The determination of the amount of restitution was not error. We find that the trial court's discussion of the presentence report; inquiry into whether the defendant had additions, deletions or corrections that needed to be made to the report; and ordering restitution in an amount exactly equal to the medical bills contained in the report is sufficient to satisfy the requirement of section 5-5-6(b) that restitution be for the actual costs incurred by the victim.

¶ 27    However, section 5-5-6 also requires the court to consider the defendant's ability to pay in determining whether restitution "shall be paid in a single payment or in installments, and shall fix a period of time not in excess of 5 years [except as noted in the statute] *** within which payment of restitution is to be paid in full." 730 ILCS 5/5-5-6(f) (West 2010). If the court orders restitution be paid over a period greater than six months, "the court shall order that the defendant make monthly payments" unless the court waives this requirement by making "a specific finding of good cause for waiver." *Id.* The trial court ordered defendant to make restitution within the 30-month term of probation, but did not make a specific finding of good cause to waive the required monthly payments. There is also no indication that the court considered defendant's ability to pay in setting the time for restitution to be made. We vacate the order of restitution and remand for the trial court to consider defendant's ability to pay in setting the time in which restitution must be paid.

¶ 28    The trial court ordered defendant to make his restitution payments to the La Salle County Restitution Fund. Defendant argues that the fund is not a victim recognized by the relevant statute, so the order is void. The flaw in his argument is that the money is not for the fund's use. The fund simply disburses payments to victims. The one case defendant cites in support of this argument holds that, "where public money is expended in pursuit of solving crimes, the expenditure is part of the investigatory agency's normal operating costs and the agency is not considered a 'victim' for purposes of restitution." *People v. Chaney*, 188 Ill. App. 3d 334, 335 (1989). The holding in *Chaney* is irrelevant to the facts of this case. Ordering that the restitution payments be made to the victim through the La Salle County Restitution Fund in no way violates the requirement that restitution is to be paid to the victim of the crime.

¶ 29                          V. Credit for Presentence Detention

¶ 30    Defendant argues he is entitled to $5 credit for each day spent in presentence detention, which should be applied to his fines and restitution. He is only partly correct; he is entitled to $5 credit for each of the three days he spent in presentence custody, but presentence credit does not apply to restitution, only fines. 725 ILCS 5/110-14(a) (West 2010). The State correctly indicates that the court imposed no fines on defendant, so there is nothing to which the credits can be applied.

¶ 31    The State also notes that the trial court failed to impose a mandatory $25 fine for the Violent Crimes Victims Assistance Fund. 725 ILCS 240/10(c)(1) (West 2010); *People v.*

*Burdunice*, 211 Ill. 2d 264 (2004). Normally, the State would be precluded from raising this issue. The State is generally not allowed to appeal sentencing issues (*People v. Cosby*, 305 Ill. App. 3d 211, 232 (1999)) and it failed to file a cross-appeal in this case. See *People v. Mannino*, 184 Ill. App. 3d 130, 131 (1989). However, "a void order may be attacked at any time or in any court, either directly or collaterally" and this court may raise the issue *sua sponte*. *People v. Thompson*, 209 Ill. 2d 19, 25, 27 (2004); *People v. Arna*, 168 Ill. 2d 107, 113 (1995). "In fact, courts have an independent duty to vacate void orders and may *sua sponte* declare an order void." *Thompson*, 209 Ill. 2d at 27.

¶ 32    On remand, the trial court is to impose the mandatory Violent Crimes Victims Assistance Fund fine; it shall also credit defendant $15 against that fine for the three days he spent in presentence detention.

¶ 33                                           CONCLUSION

¶ 34    For the foregoing reasons, defendant's conviction and 30-day sentence are affirmed. The sentencing order is otherwise vacated and the trial court is directed to enter a new order that conforms to the statutory requirements with respect to restitution. The court shall also impose any mandatory fines and credits against such fines as discussed above.

¶ 35    The judgment of the circuit court of La Salle County is affirmed in part and vacated in part.

¶ 36    Affirmed in part and vacated in part; cause remanded.