(No. 82946.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. RON CLARK, Appellee.

*Opinion filed August 6, 1998.—Rehearing denied October 5, 1998.*

James E. Ryan, Attorney General, of Springfield, and Robert Haida, State's Attorney, of Belleville (Barbara A. Preiner, Solicitor General, William L. Browers and Lorna T. Amado, Assistant Attorneys General, of Chicago, and Norbert J. Goetten, Stephen E. Norris and Gerry R. Arnold, of the Office of the State's Attorneys Appellate Prosecutor, of Mt. Vernon, of counsel), for the People.

Daniel M. Kirwan, Deputy Defender, and E. Joyce Randolph, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellee.

CHIEF JUSTICE FREEMAN delivered the opinion of the court:

In *People v. Evans*, this court held that the motion-to-reconsider-sentence provisions contained in the language of Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) apply only to open, as opposed to negotiated, guilty pleas. *People v. Evans*, 174 Ill. 2d 320 (1996). We today must decide whether a plea agreement that leaves open only the applicability of a mandatory sentencing statute constitutes a negotiated plea agreement, as contemplated in *Evans*. For the reasons that follow, we hold that it does.

BACKGROUND

On December 30, 1991, defendant, Ron Clark, was charged by criminal complaint with one count of home invasion in the circuit court of St. Clair County. On that

same date, the circuit court ordered defendant released on his own recognizance pending trial proceedings. As a condition of the release, the court ordered defendant to report in person once a week to a probation officer. While on release, however, defendant committed other felonies in the State of Missouri and ultimately received a four-year term of imprisonment there. Defendant then entered into plea negotiations with the State of Illinois on the home invasion charge. In exchange for defendant's plea of guilty, the State agreed to recommend a six-year term of imprisonment to the trial judge. During the negotiations, however, the State and defendant disagreed as to whether defendant was subject to the imposition of a mandatory consecutive sentence pursuant to section 5—8—4(h) of the Unified Code of Corrections (730 ILCS 5/5—8—4(h) (West 1994)). With full knowledge of the possibility that the agreed-upon six-year prison term might be statutorily mandated to be served consecutively to the Missouri sentence, defendant and the State agreed to present their negotiated arrangement to the circuit court.

On March 9, 1994, the circuit court conducted a proceeding attended by defendant, his attorney, and an assistant State's Attorney. The assistant State's Attorney orally set forth the negotiated plea agreement to the circuit court. The court thereafter explained to defendant that by pleading guilty, defendant was forgoing his right to trial, by jury if he so desired, in which the State would be required to prove his guilt beyond a reasonable doubt. The court also explained that during such a trial, defendant's attorney could cross-examine the State's witnesses and defendant could testify in his own defense, if he wished to do so. Defendant stated that he understood the consequences of a guilty plea and that his decision to plead guilty was voluntary. The circuit court admonished defendant that a home invasion conviction carries with it

a prison sentence of not less than 6 or more than 30 years. The court also explained that both defense counsel and the State would "provide the Court with case law and argument at the time of sentencing with regards to whether it is mandatory consecutive sentencing or whether [the] sentence could run concurrent[ly]" to the Missouri sentence. The court asked defendant if he "underst[ood] the possible penalties involved." Defendant replied, "Yes, sir, I do." The court then accepted the plea and continued the matter so that the attorneys could prepare arguments as to whether the Unified Code of Corrections mandated that the six-year term of imprisonment run consecutively to the Missouri sentences.

On March 21, 1994, the circuit court heard arguments from attorneys for both defendant and the State concerning the applicability of section 5—8—4(h) of the Unified Code of Corrections to defendant's sentence. The circuit court agreed with the assistant State's Attorney that the statute mandated a consecutive sentence and, accordingly, ordered defendant's six-year term to be served consecutively to the Missouri sentences. Defendant thereafter filed a "motion to reconsider" in which he argued that the statute was "not mandatory" and that "consecutive time" was "too severe" a punishment under the facts of this case. The circuit court denied the motion, and defendant appealed.

On appeal, defendant contended the circuit court improperly denied his motion to reconsider because defense counsel had failed to file a certificate of compliance with Supreme Court Rule 604(d). The appellate court agreed and ordered that, on remand, defendant be allowed to file whatever post-plea motion is deemed necessary after consultation with counsel. No. 5—94—0301 (unpublished order under Supreme Court Rule 23). The State petitioned this court for leave to appeal. Although this court denied the State's petition, we nevertheless

entered a supervisory order directing the appellate court to reconsider its decision in light of our opinions in *People v. Evans*, 174 Ill. 2d 320 (1996), *People v. Wilk*, 124 Ill. 2d 93 (1988), and *People v. Janes*, 168 Ill. 2d 382 (1995). *People v. Clark*, 169 Ill. 2d 573 (1996).

The appellate court again reversed the circuit court's denial of defendant's motion to reconsider. No. 5—94—0301 (unpublished order under Supreme Court Rule 23). Although the court recognized that *Evans* holds that the motion-to-reconsider-sentence provisions of Rule 604(d) do not apply to negotiated guilty pleas, the court held that *Evans* was factually distinguishable from the case at bar. Specifically, the appellate court found it significant that in *Evans* the pleas were "fully negotiated," while in this case, the parties "left it to the court to decide whether the sentence was to be served concurrently with or consecutively to [defendant's] Missouri sentence." As a result, the court concluded that the rule announced in *Evans* did not apply to this case and that both *Janes* and *Wilk* mandate a strict compliance with Rule 604(d). Noting that defendant's attorney had failed to file a certificate in accordance with Rule 604(d), the court remanded the matter to the circuit court for strict compliance with Rule 604(d) and so that a motion to reduce sentence could be filed by defendant, if necessary. We granted the State's subsequent petition for leave to appeal (166 Ill. 2d R. 315) and now vacate the judgment of the appellate court.

## ANALYSIS

The dispositive issue in this case is whether defendant's plea constitutes an open, as opposed to a negotiated, plea agreement. The State contends that the agreement in this case was fully negotiated by the parties and, therefore, not subject to the motion-to-reconsider-sentence provisions of Rule 604(d). In response, defendant claims that his plea was not "fully negotiated" because the parties agreed to let the circuit court

determine whether the agreed-upon sentence was statutorily mandated to be served consecutively to the Missouri sentences.

Section 5—8—4(h) of the Unified Code of Corrections states in relevant part that

> "[i]f a person charged with a felony commits a separate felony while on pre-trial release \*\*\*, the sentences imposed upon conviction of these felonies shall be served consecutively regardless of the order in which the judgments of conviction are entered." 730 ILCS 5/5—8—4(h) (West 1994).

We have recently held that this statute mandates consecutive sentences whenever a defendant commits a second offense while out on bond from the original offense. See *People v. Wilson*, 181 Ill. 2d 409 (1998). Indeed, this court in *Wilson* held that it was error for the circuit court to impose a concurrent sentence because, under the statute, the circuit court lacked the authority to impose any sentence other than a consecutive sentence. *Wilson*, 181 Ill. 2d at 411-12. Like the defendant in *Wilson*, defendant here committed the other felonies while he was out on bond from the original felony with which he was charged. For this reason, the circuit court lacked the authority to impose the agreed-upon six-year term as a concurrent sentence.

Given the fact that section 5—8—4(h) does not allow for any discretion to be exercised in deciding whether to impose a concurrent or consecutive sentence when another felony is committed while a defendant is on pretrial release, we cannot agree with defendant's characterization of his plea agreement with the State as a "partial" negotiation. By operation of the statute, once a defendant stands guilty of the felony, the only discretionary option left available to the circuit court is the *duration* of the sentence. In this case, that option had been "fully negotiated" by defendant and the State. Neither the State nor defendant had any bargaining power with

respect to the consecutive nature of this sentence. More importantly, the circuit court did not have discretion in the matter either. Unlike other consecutive sentencing provisions found in the Unified Code of Corrections, section 5—8—4(h) does not require the circuit court to evaluate a defendant's conduct and then, in exercise of its discretion, decide upon the propriety of a consecutive sentence. Compare 730 ILCS 5/5—8—4(b) (West 1994) with 730 ILCS 5/5—8—4(h) (West 1994). Rather, section 5—8—4(h) dictates that those charged with a felony while on pretrial release for another felony "shall" serve the resulting sentences "consecutively regardless of the order in which the judgments of conviction are entered." 730 ILCS 5/5—8—4(h) (West 1994). Thus, even if the State had agreed to allow defendant to serve the six-year term concurrently, the circuit court could not have accepted the parties' agreement because the statute prohibits imposition of the sentence in that manner. Had defendant, in fact, decided to go to trial in this matter, any sentence he would have received would have had to be served consecutively—a concurrent sentence was simply not an option left open by the legislature to the court, even after a trial. For these reasons, we are of the opinion that defendant's plea agreement with the State constituted a fully negotiated plea, notwithstanding the fact that defendant and the State did not see eye-to-eye with respect to the applicability of the mandatory language contained in section 5—8—4(h). Therefore, we disagree with the appellate court to the extent that it concluded that the plea arrangement at issue in this case was not "fully negotiated."

We must next decide whether defendant's motion to reconsider sentence was proper in light of our conclusion that the plea in this case constituted a fully negotiated plea. In *People v. Evans*, this court held that "following the entry of judgment on a negotiated guilty plea, *even if*

*a defendant wants to challenge only his sentence,* he must move to withdraw the guilty plea and vacate the judgment so that, in the event the motion is granted, the parties are returned to the *status quo.*" (Emphasis added.) *Evans,* 174 Ill. 2d at 332. We further held that for a defendant to prevail in such case, he or she must show that the granting of the motion is necessary to correct a manifest injustice. *Evans,* 174 Ill. 2d at 332. In this case, defendant's plea was entered pursuant to a negotiated agreement; therefore, the rule announced in *Evans* applies. Accordingly, even though defendant sought to challenge only the consecutive aspect of his sentence, he was required to file a motion to vacate the judgment and withdraw the guilty plea, because his plea of guilty was given in exchange for a specific sentence, regardless of whether the statute mandated a consecutive sentence. Defendant's motion to reconsider, therefore, was improper under these circumstances.

In light of the foregoing, the instant case remains to be resolved. As noted earlier, the appellate court concluded that this matter must be remanded to the circuit court due to counsel's failure to file a certificate in accordance with Rule 604(d). Moreover, the appellate court held that defendant could, on remand, file a new motion to reduce sentence, if he so desired. However, due to *Evans'* applicability to this case, a motion to reduce sentence would be improper. In this regard, the State asserts that, under *Evans,* defendant's failure to file the proper post-plea motion precludes further review of the matter. Anticipating, perhaps, that this court would conclude that his motion to reconsider was procedurally improper in light of the negotiated nature of his plea, defendant requests us to remand the matter so that he can be given the opportunity to file "any motion that would have been appropriate at the time of the original proceedings." In support of his request, defendant points out

that he and his attorney received conflicting advice from the circuit court regarding the proper post-plea motion to be filed in this case. Defendant maintains that he should not be penalized for filing the wrong motion under these circumstances.

Our examination of the transcript of proceedings supports defendant's contention with respect to this matter. After determining that section 5—8—4(h) required a consecutive sentence in this case, the circuit court, defendant, and defense counsel engaged in the following colloquy:

"MR. DALEY [defense counsel]: Your honor, could you make it a specific part of your order that you are doing this because it's required?

THE COURT: Yes. It's mandatory. If it wasn't mandatory, I would give him concurrent. But I think it's mandatory.

\* \* \*

Now, I tell you what. I think if you file a motion *to reconsider the plea* within 30 days, ask me to set it aside, I think I should do that. Because when I took the plea, I didn't tell you I thought this was mandatory [*sic*] consecutive. Because I didn't know—I didn't know I would rule this way. So if you within the next—and you think about this. You only got 30 days to make up your mind. Within 30 days you *move to set aside your plea*, I think you have a very good motion. You understand me?

THE DEFENDANT: Yes, sir.

THE COURT: Because when you plead guilty, you ought to know what you are getting. Right? Okay. You at least—I told you you might get consecutive, but you had your hopes up for concurrent. Anybody would, you know. And Mr. Daley had an excellent argument. I just didn't happen to agree with him. So you think about it very seriously. You file *a motion*. If you want me to *set it aside*, you tell me. Okay?

THE DEFENDANT: Yes, sir.

THE COURT: We'll have a hearing. If I think you are right, I will *set it aside*. But you will then go to trial and

you'll go to trial on this charge they have got you charged with, this Class X felony. I don't know if he is eligible for extended term. Did I advise him of extended term?

MRS. CUNNINGHAM [assistant State's Attorney]: No.

MR. DALEY: No, but he is.

THE COURT: He is. You are eligible for extended term on a Class X felony, 6 to 30, 30 to 60. If I deny it, you can appeal to the Fifth District Appellate Court. I will provide you a lawyer and transcript free of charge. *If within the next 30 days you want me to reconsider the sentence*, which you definitely do, you have got to file a motion within the next 30 days to be able to appeal it.

\* \* \*

You are definitely going to want to file your *motion to reconsider the sentence.*

\* \* \*

You got consecutive. But we got to file—you got to file this motion so it can go to the appellate court for sure." (Emphasis added.)

As the foregoing portion of the transcript makes clear, the trial court initially (and correctly) advised defendant to file a motion to set aside his plea in light of the mandatory construction given to section 5—8—4(h). However, the emphasized portions of the transcript also reveal that the circuit court interchanged the word "sentence" for the word "plea" at various times during the discussion. As a result, the circuit court's remarks could have been misapprehended by both defendant and his attorney. We must emphasize that the instant proceedings took place some two years prior to our decision in *Evans* so that neither defense counsel nor the circuit court had the benefit of its analysis as to the proper post-plea motion to be filed after a guilty plea is entered pursuant to a negotiated agreement. Therefore, under these circumstances, we agree with defendant that he should be given the opportunity to file a motion to vacate the judgment

and withdraw his guilty plea, if he so desires. We, therefore, remand this cause to the circuit court with instructions to vacate its order denying defendant's motion to reconsider. We also instruct the court to allow defendant an opportunity to file a motion to vacate judgment and withdraw the guilty plea. If the circuit court grants the relief, then both the State and defendant will be returned to the *status quo* as it existed before the plea was accepted. See *Evans*, 174 Ill. 2d at 332.

Given our decision to remand the matter on the basis of the circuit court's remarks, we need not address defendant's contention (i) that he received ineffective assistance of counsel and (ii) that our decision in *Wilson* dictates that a defendant's challenge to a trial court's statutory authority to impose a particular sentence cannot be waived by the failure to withdraw the guilty plea. Accordingly, we offer no opinion as to the merits of these arguments.

## CONCLUSION

The appellate court incorrectly held that our decision in *Evans* was inapplicable to the instant case. Accordingly, we vacate the judgment of the appellate court, and remand the matter to the circuit court with instructions that it vacate its order denying defendant's motion to reconsider and allow defendant an opportunity to file a motion to vacate judgment and withdraw the guilty plea.

*Appellate court judgment vacated;*
*cause remanded with directions.*