THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK A. DIDIER, Defendant-Appellant.

Second District    Nos. 2—97—0613 through 2—97—0622 cons.

Opinion filed August 5, 1999.—Rehearing denied August 30, 1999.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and Robert W. Mueller, of Springfield, for the People.

JUSTICE RAPP delivered the opinion of the court:

Defendant, Mark A. Didier, was charged with 22 counts of burglary in 10 separate cases. On February 3, 1997, defendant entered simultaneous guilty pleas to 15 counts of burglary. In exchange for his pleas, the State agreed to a sentence cap of 14 years' imprisonment and to nol-pros seven counts.

On May 21, 1997, the trial court sentenced defendant to serve 10-year concurrent terms of imprisonment on all 10 cases. After defendant was sentenced, the trial court told defendant that he had 30 days to file either a motion to withdraw his guilty plea or a motion asking the court to reconsider his sentence.

On May 30, 1997, defendant filed a motion to reconsider his sentence. The trial court amended defendant's sentence, imposing 3- and 7-year consecutive terms in two of the cases, and ordering 10-year concurrent terms in the remaining eight cases. Defendant timely appealed.

On appeal, defendant argues that (1) his 10-year sentences should be reduced to the statutory maximum 7-year terms; (2) the consecutive 3- and 7-year terms should be modified to run concurrently; (3) he should be granted credit against both consecutive terms for time spent in simultaneous custody; and (4) the case should be remanded to allow him to file a new motion to reconsider because his counsel failed to file a certificate under Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). We affirm in part, reverse in part, and remand the cause with directions.

## I. WHETHER THE TRIAL COURT ERRED IN IMPOSING CONCURRENT 10-YEAR SENTENCES IN EIGHT BURGLARY CONVICTIONS.

Defendant argues that the trial court erred in imposing 10-year concurrent terms in eight of his burglary convictions. Defendant contends that these terms exceeded the statutory maximum. The State argues that defendant has waived this issue by failing to file a motion to withdraw his plea.

■ The issue of waiver turns on whether defendant must move to withdraw his guilty plea and vacate the judgment prior to challenging the trial court's statutory authority to impose a particular sentence. In *People v. Evans*, 174 Ill. 2d 320 (1996), the supreme court held that when a defendant pleads guilty in exchange for a specific sentence, he must move to withdraw his guilty plea and vacate the judgment prior to challenging his sentence. *Evans*, 174 Ill. 2d at 332. In *People v. Williams*, 179 Ill. 2d 331 (1997), the supreme court held that *Evans* is inapplicable when a defendant claims that his sentence is void because it does not conform with the statute. *Williams*, 179 Ill. 2d at 333, citing *People v. Arna*, 168 Ill. 2d 107, 113 (1995) (holding that a sentence that is not authorized by statute is void and the appellate court has authority to correct it at any time). In *People v. Wilson*, 181 Ill. 2d 409 (1998), the supreme court found that under *Williams* a challenge to a trial court's statutory authority to impose a particular sentence is not waived when a defendant fails to withdraw his guilty plea and vacate the judgment. *Wilson*, 181 Ill. 2d at 413. Subsequently, in *People v. Clark*, 183 Ill. 2d 261 (1998), the supreme court held that a plea agreement that leaves open only the applicability of a mandatory sentencing statute constitutes a negotiated plea agreement and that even though a defendant seeks to challenge only the consecutive aspect of his sentence, he is required to withdraw the guilty plea, because his plea of guilty was given in exchange for a specific sentence, regardless of whether the statute mandated a consecutive sentence. *Clark*, 183 Ill. 2d at 267-68.

The supreme court recently followed *Evans* and *Clark* in *People v. Linder*, 186 Ill. 2d 67 (1999), in which it held that, when a defendant agrees to plead guilty in exchange for the State's dismissal of certain charges and recommendation of a sentence cap, he may not seek reconsideration of the sentence unless he also moves to withdraw his guilty plea. *Linder*, 186 Ill. 2d at 74. The court stated that where a defendant fails to withdraw his guilty plea and vacate the judgment the appellate court must dismiss the appeal, leaving the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 1996)) as the defendant's only recourse. *Linder*, 186 Ill. 2d at 74.

■ We find that the instant case is distinguishable from *Evans*, *Clark*, and *Linder* and therefore follow the decisions in *Williams* and *Wilson*. In *Evans*, *Clark*, and *Linder*, the sentences imposed did not exceed the statutory limits. In *Williams* and *Wilson*, however, the sentences imposed violated statutory requirements and were thus void. In this case, defendant argues that the trial court imposed terms that violated statutory requirements. We find that, under *Williams* and *Wilson*, defendant's challenge to the trial court's statutory authority

to impose a particular term was not waived by his failure to withdraw his guilty plea and vacate the judgment.

■ Therefore, we will address the merits of defendant's claims of improper sentencing in these eight burglary convictions. Burglary is a Class 2 felony (720 ILCS 5/19—1(b) (West 1996)) carrying a sentencing range of three to seven years' incarceration (see 730 ILCS 5/5—8—1(a)(5) (West 1996)). In this case, the State has admitted, and the record is clear, that defendant was not eligible for extended-term sentencing. At no time did the trial judge indicate that he was applying the extended term under these sentences. Thus, the maximum term that could be imposed was seven years on each of the burglary convictions.

■ In this case, defendant was sentenced in two of the burglary convictions to 3- and 7-year consecutive prison terms, and 10-year terms were imposed on the remaining eight burglary convictions and ordered to run concurrently with the 3- and 7-year terms. We find that the trial court erred in imposing 10-year terms on the eight remaining burglary convictions. We hold that the 10-year terms on the remaining eight burglary convictions are void because they exceed the statutory maximum. Pursuant to Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)), we remand the cause with directions for the trial court to reduce the terms on the eight remaining burglary convictions to seven years in accordance with section 5—8—1(a)(5) of the Unified Code of Corrections (the Code) (730 ILCS 5/5—8—1(a)(5) (West 1996)).

## II. WHETHER THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE THREE- AND SEVEN-YEAR SENTENCES IN TWO BURGLARY CONVICTIONS.

Defendant also contends that the trial court, in reconsidering his sentences, lacked statutory authority to modify two of the 10-year concurrent terms to 3- and 7-year consecutive terms. Defendant argues that section 5—8—1(c) of the Code (730 ILCS 5/5—8—1(c) (West 1996)) prohibits the trial court from modifying the sentence from concurrent to consecutive terms. Because we hold that defendant's challenge to the trial court's statutory authority to impose a particular sentence was not waived by his failure to withdraw his guilty plea and vacate the judgment, we will address the merits of defendant's claims of improper sentencing in these two burglary convictions.

■ Section 5—8—1(c) provides:

"A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made

by a written motion filed within 30 days following the imposition of sentence. *However, the court may not increase a sentence once it is imposed.*" (Emphasis added.) 730 ILCS 5/5—8—1(c) (West 1996).

■ Here, upon reconsideration by the trial court, two of defendant's concurrent 10-year terms were reduced to consecutive 3- and 7-year terms. The aggregate of these consecutive terms does not exceed the original concurrent 10-year terms. Thus, the trial court did not increase the sentences on reconsideration. We therefore reject defendant's argument that the trial court lacked statutory authority to modify the concurrent sentences to consecutive sentences.

■ Defendant further argues that, because of his rehabilitative potential, the imposition of consecutive terms was an abuse of discretion. In accordance with the reasoning of *Evans, Clark, Linder, Williams,* and *Wilson,* we find that defendant has waived this issue by failing to withdraw his guilty plea and vacate the judgment. In any event, we find no merit in defendant's argument.

A trial court has considerable discretion in imposing a sentence and will be reversed only if the court abused that discretion. *People v. Smith,* 288 Ill. App. 3d 308, 316 (1997). We will not substitute our judgment for that of the sentencing judge simply because we might have balanced the sentencing factors differently. *Smith,* 288 Ill. App. 3d at 316.

In this case, defendant was charged with 22 separate burglaries in 10 separate cases. He pleaded guilty to 15 of those burglary charges, and the State dismissed 7 of the burglary charges as part of the plea agreement. Additionally, at the sentencing hearing the State introduced evidence of numerous other burglaries for which defendant had not been charged.

In order to sustain the imposition of a consecutive sentence, the record must establish that the trial court is of the opinion that a consecutive sentence is necessary to protect the public. *People v. Rivera,* 212 Ill. App. 3d 519, 526 (1991). Like the defendant in this case, the defendant in *Rivera* was charged with numerous burglaries over a short span of time, was young, and had no significant criminal record. In *Rivera,* we found no abuse of discretion on the part of the trial court, and we upheld the imposition of consecutive sentences, as the decision was supported by the record. *Rivera,* 212 Ill. App. 3d at 526-27. In *People v. Moore,* 258 Ill. App. 3d 167 (1994), the defendant, who had committed several armed robberies in a relatively short time, was young and had no significant criminal history. We likewise found that the trial court did not abuse its discretion, and we upheld the imposition of consecutive sentences as necessary to protect the public. *Moore,* 258 Ill. App. 3d at 173.

In sentencing defendant in this case, the trial court noted that defendant had been involved in over 30 separate burglaries. At the hearing on defendant's motion to reconsider, the trial court indicated that defendant was getting a substantial benefit by having pleaded guilty, since a more severe sentence would have been appropriate. We find that the record in this case supports the trial court's decision to impose consecutive terms to protect the public from further criminal conduct by defendant. We find no abuse of discretion.

## III. WHETHER DEFENDANT IS ENTITLED TO CREDIT AGAINST THE CONSECUTIVE SENTENCES FOR TIME SPENT IN SIMULTANEOUS CUSTODY.

■ Defendant next argues that he is entitled to credit against the consecutive sentences for time spent in simultaneous presentencing custody. Although defendant acknowledges in his brief that he did not raise this issue in the trial court, he urges us to review the issue as one of plain error. Because sentencing issues are regarded by courts as matters affecting a defendant's substantial rights and have thus been excepted from the doctrine of waiver, we will address the merits of defendant's argument. See *People v. Burrage*, 269 Ill. App. 3d 67, 71 (1994).

We note that our supreme court recently rejected this argument in *People v. Latona*, 184 Ill. 2d 260 (1998). In *Latona*, the supreme court held:

> "[T]o the extent that an offender sentenced to consecutive sentences had been incarcerated prior thereto on more than one offense simultaneously, he should be given credit only once for actual days served. *** Defendants must be given credit for all the days they actually served, but no more." *Latona*, 184 Ill. 2d at 271-72.

Thus, under *Latona*, defendant is not entitled to credit against the consecutive sentences for time spent in simultaneous presentencing custody.

## IV. WHETHER DEFENDANT IS ENTITLED TO A REMAND FOR COMPLIANCE WITH SUPREME COURT RULE 604(d).

■ We note that the trial court advised defendant at the sentencing hearing that he could file either a motion to withdraw his guilty plea or a motion to reconsider his sentence. Fundamental fairness requires that we remand the cause and direct the trial court to admonish defendant of his right to file a motion to withdraw his guilty plea and allow him to do so if he so chooses, in accordance with Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)).

Because we are remanding the cause for new admonishments under Rule 604(d), we find it unnecessary to address defendant's argu-

ment that the cause must be remanded to allow him to file a new motion to reconsider since his counsel failed to file a certificate pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)).

For the foregoing reasons, (1) we affirm the consecutive three- and seven-year sentences in two of defendant's burglary convictions; (2) we remand the cause and direct the trial court to reduce the sentences to seven-year terms in the remaining eight burglary convictions, to run concurrently with the three- and seven-year consecutive terms; (3) we hold that defendant is not entitled to credit against the consecutive sentences for time spent in simultaneous custody; and (4) we direct the trial court to admonish defendant of his right to file a motion to withdraw his guilty plea and allow him to do so if he so chooses, in accordance with Supreme Court Rule 604(d).

Affirmed in part and reversed in part; cause remanded with directions.

GALASSO, J., concurs.

JUSTICE McLAREN, dissenting:

I dissent because I do not believe the parties' "minds" ever "met" and therefore the trial court either should have refused to entertain the plea agreement or should have vacated the agreement upon reconsideration.

The State wanted a 14-year cap on the sentence. That portion of the agreement could be achieved only if at least two of the sentences were *consecutive*. Paradoxically, the defendant only agreed to *concurrent* sentences. I believe the record reflects that the trial court was aware of this contradiction by its responses to the arguments of defense counsel as to what the court should do in reconciling the impossibility of a 10- or 14-year sentence without making some of the sentences consecutive when the defendant agreed only to concurrent sentences. I believe the trial court should have refused to entertain the plea agreement or vacated the plea agreement at the conclusion of the motion to reconsider sentence because the patent contradiction contained in the plea agreement clearly established that there *never* was a meeting of the minds.

I continue to believe that the law regarding contracts applies equally to all parties and that the majority is subverting the law by giving the State the "benefit of a bargain" that was never realized because it would have been, and still is, impossible to simultaneously sentence the defendant to solely concurrent and solely consecutive sentences. See *People v. Knowles*, 304 Ill. App. 3d 472, 475 (1999)

(McLaren, J., dissenting); see also *People v. Mast,* 305 Ill. App. 3d 727 (1999) (adopting the rationale of the dissent in *Knowles*).

Because there could not possibly be such a sentence as agreed, there never was a "meeting of the minds," and the "agreement" should not be enforced against either party. Rather than affirm the sentence as modified, I would vacate the sentence and the plea and remand the cause for further proceedings.

Therefore, I respectfully dissent.