8 November 1999

NO. 4-98-0867

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,   )   Appeal from

Plaintiff-Appellee,          )   Circuit Court of

v.                           )   Champaign County

CONNIE J. ZARKA-NEVLING,               )   No. 98CF191

Defendant-Appellant.         )   

                                       )   Honorable 

                                       )   John G. Townsend,

                                       )   Judge Presiding.

_________________________________________________________________

JUSTICE MYERSCOUGH delivered the opinion of the court:

Defendant, Connie J. Zarka-Nevling, pleaded guilty to a Class 4 felony of driving under the influ­ence of alcohol (DUI) (625 ILCS 5/11-501(d)(1)(A) (West Supp. 1997)) in return for the State's promise to dismiss one count of felony driving while li­

cense revoked (DWR) (625 ILCS 5/6-303(d) (West Supp. 1997)) and  was sentenced to 2½ years in prison.  Defendant timely filed a motion to reconsid­er sen­tence, but the court denied it.     

Defendant appeals, arguing that (1) the trial court's post-guilty-plea admonitions were deficient; (2) defense counsel provided ineffective assistance of counsel because he failed to file the proper post-guilty-plea motion; and (3) the court abused its discretion by imposing an excessive prison sen­tence of 2½ years.  We disagree and affirm the trial court.

I. BACKGROUND

Both parties pre­sented evi­dence in support of their respective recom­menda­tions at defendant's sentencing hearing.  The State ex­plained that defen­dant had four prior convic­tions for DUI from three separate jurisdic­tions, a convic­tion for aggra­vat­

ed bat­tery, and prior terms of court super­vision and probation that had been re­voked.  Testimony also revealed that defendant resist­ed the arresting officer's attempts to help at the scene of her acci­dent.  Based on defendant's crimi­nal histo­ry, the presen­

tence report, and an alcohol and drug report summa­ry, the State recom­mended a three-year prison term.  

Defense counsel argued, however, that defendant suf­

fered from serious mental health prob­lems that went unad­dressed by the court system until recently.  Defen­dant also presented testi­mony of friends and family members who assert­ed that defen­

dant had been attending counseling and had not consumed any alcohol since the acci­dent.  These witnesses further testified that a jail sentence would be inappro­priate and potentially harm­

ful, based on defendant's mental condition.  The evidence in mitiga­tion concluded with defendant's assertions that she could not actually recall the incident, due to a possible black­out, but that she was re­morseful for her actions.

Based on the evi­dence present­ed, the trial court sen­

tenced defen­dant to 2½ years in prison and, in accor­dance with Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)), admonished defendant of her right to appeal.

In September 1998, defendant timely filed a motion to reconsider sentence, in which she contended that her sen­tence was excessive and inappropriate.  In October 1998, the trial court denied that motion.  Defendant never moved to with­draw her guilty plea.  This appeal followed.

II. ANALYSIS

The parties' briefs present two issues on appeal:  (1) whether the trial court violated defendant's right to procedural due process by failing to admonish defendant that she must file a motion to withdraw her guilty plea to challenge her sentence, and (2) whether the trial court abused its discretion by sen­tencing defendant to 2½ years in prison.  

 Defendant Need Not With­draw Guilty Plea To Contest Only Her Sen­tence on Appeal When Pleading Guilty Solely in Exchange for the State's Dismissal of Additional Charges

1. 
Supreme
 
Court
 
Rules
 
604(d)
, 
605(b)
, 
and
 
Evans
 

Supreme Court Rule 604(d) reads, in pertinent part, as fol­lows:

"(d) Appeal by Defendant From a Judgment Entered Upon a Plea of Guilty.  No ap­peal from a judg­ment en­tered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court 
a
 
motion
 
to
 
recon­sider
 
the
 
sentence
, 
if
 
only
 
the
 
sen­tence
 
is
 
being
 
chal­lenged
, 
or
, 
if
 
the
 
plea
 
is
 
being
 
challenged
, a motion to withdraw his plea of guilty and vacate the judgment.  The motion shall be in writing and shall state the grounds therefor.  ***  The motion shall be heard promptly, and if al­lowed, the trial court shall 
modify
 
the
 
sentence
 
or
 vacate the judgment and per­mit the defendant to withdraw his plea of guilty and plead anew.  ***  Upon appeal any issue not raised by the defendant in the motion to 
reconsider
 
the
 
sentence
 
or
 withdraw the plea of guilty and vacate the judgment shall be deemed waived." (Empha­sis added.)  145 Ill. 2d R. 604(d) (empha­sized language added April 1, 1992, eff. August 1, 1992).

Prior to the 1992 amendments to Rule 604(d), a defendant could not appeal from a guilty plea unless he first moved in the trial court to withdraw the guilty plea and vacate the judgment, even if he wished to challenge only his sentence.  
People v. Stacey
, 68 Ill. 2d 261, 265, 369 N.E.2d 1254, 1256 (1977); 
People v. Evans
, 174 Ill. 2d 320, 329-30, 673 N.E.2d 244, 249 (1996).  The 1992 amendment to Rule 604(d) permitted a defendant who wished to challenge only his sen­tence without withdrawing his guilty plea to file a motion to that effect.  

The supreme court similarly amended Rule 605(b)(2) at the same time as it amended Rule 604(d) to change the trial court's post-guilty-plea admonition to a defendant by explaining that he needed to file within 30 days a written motion asking 
either
 to recon­sider the sentence or to have the judgment vacated and the guilty plea withdrawn.  Supreme Court Rule 605(b) now reads, in pertinent part, as fol­lows:  

"(b) On Judgment and Sentence Entered on a Plea of Guilty.  In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantial­

ly as follows:

(1) that he has a right to appeal;

(2) that prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the 
trial
 
court
 
reconsider
 
the
 
sentence
 
or
 
to
 
have
 
the
 judg­

ment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion;

(3) that if the motion is allowed, the sentence will be modified or the plea of guilty, sentence[,] and judgment will be va­

cat­ed and a trial date will be set on the charg­es to which the plea of guilty was made.

 ***  

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to 
reconsider
 
the
 
sentence
 
or
 
to
 vacate the judgment and to withdraw his plea of guilty shall be deemed waived."  (Emphasis added.) 145 Ill. 2d R. 605(b) (emphasized language added April 1, 1992, eff. August 1, 1992).

Uncertainty still existed, however, regarding how Rule 604(d) applied to negotiated guilty pleas, as opposed to open guilty pleas.  The supreme court attempted to resolve this uncertainty in 
Evans
, 174 Ill. 2d at 324-32, 673 N.E.2d 246-50.  

In 
Evans
, two defen­dants entered into negotiat­ed plea agreements in which each pleaded guilty to certain charges in exchange for the State's agreement to dismiss other charges and recommend a specific sentence.  
Evans
, 174 Ill. 2d at 321-24, 673 N.E.2d at 245-46.  The supreme court held that "fol­low­ing the entry of judgment on a negotiated guilty plea, even if a defen­

dant wants to chal­lenge only his sentence, he must move to withdraw the guilty plea and vacate the judgment so that, in the event the motion is granted, the parties are returned to the status quo."  
Evans
, 174 Ill. 2d at 332, 673 N.E.2d at 250.  
There­fore, "for a defen­dant to prevail in a chal­lenge to a sentence entered pursu­ant to a negotiated plea agree­ment, a defendant must (1) move to with­draw the guilty plea and vacate the judg­ment, and (2) show that the granting of the motion is necessary to correct a mani­fest injus­tice
."  
Evans
, 174 Ill. 2d at 332, 673 N.E.2d at 250. 

The reasoning behind 
Evans
, however, is of particular interest to the case at hand.  Relying on contract principles, the court reasoned that defendants should not be able to unilat­

erally seek to reduce their agreed-upon sentences, yet still hold the State to its part of the bar­gain.  
Evans
, 174 Ill. 2d at 327, N.E.2d at 247-48.  In addition, the 
Evans
 court agreed with the State's argu­ment that "Rule 604(d)'s motion-for-sen­tence-recon­

sideration provi­sions were intended to apply only to open guilty pleas."  
Evans
, 174 Ill. 2d at 331, 673 N.E.2d at 250.  The court reasoned that, "[f]ol­lowing a defendant's open guilty plea, 
the
 
trial
 
court
 
exercises
 
its
 
discretion
 and deter­mines the sentence to be imposed."  (Emphasis added.)  
Evans
, 174 Ill. 2d at 332, 673 N.E.2d at 250.   

The supreme court defined an "open" plea, however, as a plea of "guilty without receiv­ing any promis­es from the State in return."  
Evans
, 174 Ill. 2d at 332, 673 N.E.2d at 250.  This definition unfortunately failed to acknowl­edge that the trial court also exer­cis­es full discre­tion in determin­ing the sentence to be imposed when a defendant pleads guilty solely in exchange for the State's promise to dismiss additional charges.  The ques­

tion re­mained unanswered as to whether a defen­dant who pleads guilty solely in exchange for the State's promise to dismiss additional charg­es, who does not want to with­draw his guilty plea but only wants to challenge his sen­tence, still needs to file a motion to vacate his guilty plea (as opposed to filing only a motion to recon­sider sen­tence) to pre­serve the sentenc­ing issue for appeal.

2. 
Case
 
Law
 
Since
 
Evans

Since 
Evans
, this court has moved toward the proposi­

tion that 
Evans
 has created a bright-line rule that distinguishes between open pleas and all variations of negotiated pleas.  For exam­ple, in 
People v. Catron
, 285 Ill. App. 3d 36, 37, 674 N.E.2d 141, 142 (1996), defen­dant pleaded guilty to six counts of residential burglary in return for the State's agree­ment to recommend between 4 and 15 years' imprisonment and to file no addi­tion­al charg­es.  Using the contract principles relied upon in 
Evans
, this court held that when a defen­dant agrees to a poten­

tial range of sen­tences in either a par­tially or fully negotiated plea agree­ment, he implic­itly concedes any sentence imposed within the range cannot be exces­sive.
  
Catron
, 285 Ill. App. 3d at 37,  674 N.E.2d at 142; but see 
People v. Sanders
, 286 Ill. App. 3d 1042, 1044, 678 N.E.2d 86, 88 (1997) (Holdridge, J., special­ly concur­ring) ("I believe 
Catron
 impermissibly expands the holding in the recent Illinois Supreme Court case 
People v. Evans
").

In 
People v. Economy
, 291 Ill. App. 3d 212, 215, 683 N.E.2d 919, 922 (1997)
, defendant pleaded guilty in ex­change for the State's promise to drop some charges and not seek extend­ed- term sentenc­ing.  Once again relying on the contract principles espoused in 
Evans
, this court reaf­firmed its holding in 
Catron
 and assert­ed that the plain language of 
Evans
 treats all negoti­ated pleas the same.  
Economy
, 291 Ill. App. 3d at 218, 683 N.E.2d at 924.  Notably, this court also went to great lengths to distin­guish its ap­proach and policy ratio­nales from those of the Second District Appellate Court, asserting that the "primary concern of the 
Evans
 court was not the logical basis for review

ing the trial court, but a concern for preserving the bargain reached between the defen­dant and the State."  
Economy
, 291 Ill. App. 3d at 217, 683 N.E.2d at 923.  This court ultimate­ly con­

cluded, howev­er, that the bargain is the same whether a defendant pleads guilty in exchange for a specific term or pleads to a lesser charge:  to reduce the possible punish­ment.  
Economy
, 291 Ill. App. 3d at 219, 683 N.E.2d at 924; see also 
People v. Payne
, 294 Ill. App. 3d 254, 258, 689 N.E.2d 631, 633 (1998) (holding that when a defendant agrees to a poten­tial range of sen­tenc­es, defendant implicit­ly con­cedes that a sentence imposed within the range cannot be exces­sive and that defendant is entitled to complain only if the agreement has been broken). 

Finally, in
 
People v. Gill
, 293 Ill. App. 3d 326, 327, 687 N.E.2d 1186, 1186 (1997), a defendant pleaded guilty to one count of first degree murder and one count of aggravated battery, in exchange for the State's dismissal of nine remaining charges of murder.  This court held, without employing the con­tract analy­sis used in 
Evans
, that "the rule an­nounced in 
Evans
 applies to cases in which the guilty plea is negotiated, even though it is not entered in exchange for a recommendation by the State for a specific prison term, because by pleading guilty defendant concedes that a sentence imposed within the statutorily pre­

scribed sentencing range is not exces­sive."  
Gill
, 293 Ill. App. 3d at 328, 687 N.E.2d at 1187.  In short, 
Gill
 summarily con­

cluded that 
Evans
, 
Economy
, and 
Catron
 applied to the facts at hand.  
Gill
, 293 Ill. App. 3d at 328, 687 N.E.2d at 1187.

The supreme court itself revisited the 
Evans
 rule in 
People v. Clark
, 183 Ill. 2d 261, 262, 700 N.E.2d 1039, 1040 (1998).  In 
Clark
, a defendant pleaded guilty in exchange for the State's agreement to recommend a particular sentence, but the parties disagreed whether that sentence should be served consecu­

tively to or concurrently with sentences imposed by another state.  The parties agreed to have the trial court resolve the issue, and the trial court ordered the sentence imposed to be served consec­utively.  However, because defendant filed a motion to reconsider his sentence and did not file a motion to withdraw his guilty plea, the supreme court held that the plea agreement between the parties constituted "a negotiated plea agreement, as contemplated in 
Evans
" (
Clark
, 183 Ill. 2d at 262, 700 N.E.2d at 1040), and dismissed the defendant's appeal.  
Clark
, 183 Ill. 2d at 262-65, 700 N.E.2d at 1040-42.  

3. 
The
 
Linder
 
Decision

In 
People v. Linder
, 186 Ill. 2d 67, 68-71, 708 N.E.2d 1169, 1170-71 (1999), the supreme court once again ad­dressed an appel­late court inconsistency regard­ing whether the 
Evans
 rule applied when a defendant pleads guilty in return for the State's promise to recom­mend a sentencing cap, instead of a partic­ular term of years.  Citing this court's decision in 
Catron
 favorably, the supreme court held that when a defendant pleads guilty in ex­

change for a cap on the length of sentence, the defendant cannot file a motion to recon­sider sentence without first moving to withdraw his guilty plea.  
Linder
, 186 Ill. 2d at 74, 708 N.E.2d at 1172-73.  The supreme court reasoned:  

"Where the sentence imposed is within the agreed[-]upon cap, as the sen­tenc­es here were, allowing the defendant to seek recon­sidera­tion of his sentence with­out also mov­ing to with

draw his guilty plea un­fairly binds the State to the terms of the plea agreement while giving the defendant the opportunity to avoid or modify those terms.  That is pre­cisely the situation the 
Evans
 rule was de­signed to prevent."  
Linder
, 186 Ill. 2d at 74, 708 N.E.2d at 1172-73.

However, as the specially concurring opinion of Chief Justice Freeman indicates, the supreme court's decision in 
Linder
 did not conclusively address all of the circumstances in which a defendant and the State can negotiate for the defen­dant to enter a guilty plea.  
Linder
, 186 Ill. 2d at 75-80, 708 N.E.2d at 1173-

76 (Freeman, C.J., specially concurring).  The 
Linder
 majority addressed a plea scenario that Chief Justice Freeman defined as "(c) [t]he 'negotiated as to charge and/or sentence' plea," whereas this case presents another plea scenario, referred to by the Chief Justice as "(b) [t]he 'negotiated as to charge' plea."  
Linder
, 186 Ill. 2d at 77, 708 N.E.2d at 1174 (Freeman, C.J., specially concurring). Chief Justice Freeman noted that the majority missed the opportunity to definitively determine whether "negotiated as to charge" pleas fell under the 
Evans
 rule.  Chief Justice Freeman further points out that, although the majority's contract analysis focuses primarily on the defendant's view of the bargain, it is the exis­tence of a sen­tenc­ing conces­sion on behalf of the State that actually triggers the appli­ca­tion of the holding in 
Evans
.  
Linder
, 186 Ill. 2d at 79-80, 708 N.E.2d at 1175 (Freeman, C.J., specially concurring).   The Chief Justice concludes, therefore, that when a defen­dant pleads guilty solely in ex­change for the State's promise to dismiss additional charg­

es, "defendant's motion to recon­sid­er sen­tence would not run afoul of his or her agree­ment [because] the parties never made the sen­tence a part of their bargain--and all contract principles are honored.  None of the concerns of 
Evans
 arise in such cases, and its holding necessarily is inapplicable to them."  
Linder
, 186 Ill. 2d at 80, 708 N.E.2d at 1175 (Free­man, C.J., spe­cially concur­ring).

We agree with Chief Justice Freeman's analysis with respect to this undecided area of law.  The negoti­ated plea rule in 
Evans
 focused on returning the parties to their status quo.  
Evans
, 174 Ill. 2d at 332, 673 N.E.2d at 250.  The 
Evans
 court found that it
 "flies in the face of contract law principles" (
Evans
, 174 Ill. 2d at 327, 673, N.E.2d at 248) to allow defen

dants to unilaterally modify their agreements, while holding the State to its end of the bargain.  
Evans
, 174 Ill. 2d at 327, 673 N.E.2d at 247-48.  However, when a defendant pleads guilty solely in return for the State's promise to dismiss additional charges, the State and defen­dant receive exactly what they bar­gained for--

a guilty plea in ex­change for dismissing charges.  There simply is no agreement as to sentence.  The court alone decides the sen­

tence.  There­fore, a defen­dant should be able to file a motion for recon­sidera­tion of his sentence, without also having to file a motion to with­draw his guilty plea.

In addition, we must acknowledge the fact that the State cannot always prove all of the charges that it files.  Dismissing weaker charges is part of the traditional negotiation process used to secure a guilty plea, without incur­ring the additional work or expense of proving charges in a trial.  It is inequita­ble to assume, there­fore, that the State does not receive the benefit of its bargain when, in exchange for a guilty plea, the State dis­misses a charge that was weak or possi­bly unprov

able.  To hold otherwise would encour­age the State to overcharge because it would derive a benefit from doing so, thereby reviving the gamesmanship sought to be elimi­nated by 
Evans
.  See 
Evans
, 174 Ill. 2d at 327-28, 673 N.E.2d at 248. 

Although we acknowledge that the State has conced­ed the opportunity to prove that a defen­dant is guilty of the dismissed charge, albeit voluntarily, the true value of that opportunity is dependent upon (1) whether the defendant is actually guilty of the dismissed charge and/or (2) whether the State could success­

fully prove that the defendant was guilty of the dismissed charge.  Therefore, one must assume a defendant's guilt to argue that the State has actually conceded some­thing of value.

In conclusion, we note that both parties in this appeal assumed that defendant was required to with­draw her guilty plea to challenge only her sentence on appeal.  As our colleague's dissent ex­plains, a sound basis exists in law for this presump­tion.   However, a number of appellate decisions on this issue since 
Linder
 demonstrate the appar­ent inequi­ties in such a posi­

tion and suggest that further guidance from the supreme court is neces­sary.  See 
People v. Knowles
, 304 Ill. App. 3d 472, 475, 710 N.E.2d 1238, 1240 (1999) (holding that, al­though defendant was required to with­draw his guilty plea because he pleaded guilty in return for the State's promise to reduce the original charge, fundamen­tal fairness required that the case be remanded so that defendant could be more adequately admon­ished regarding postplea relief), 
petition for leave to appeal pending
 No. 87651; 
People v. Wyatt
, 305 Ill. App. 3d 291, 293-94, 712 N.E.2d 343, 345-46 (1999) (holding that defen­dant who pleaded guilty to bur­glary and escape charges in return for State's promise to dismiss a theft charge and to forego prose­cution of further charges was not required to with­draw his guilty plea because the plea agree­ment includ­ed no agree­ment as to the sen­tence), 
petition for leave to appeal pending
 No. 87767; 
People v. Didier
, 306 Ill. App. 3d 803, 805-09, 715 N.E.2d 321, 323-25 (1999) (holding inapplicable the rule that defen­dant was re­quired to with­draw his guilty plea because he pleaded guilty in return for the State's promise to recommend a sentenc­ing cap and dismiss addi­tional charges, where defendant argued trial court imposed sentences that violated statutory terms, but also remanding because funda­men­tal fair­ness re­quired that defendant be more ade­quately admon­ished regarding postplea relief), 
petition for leave to appeal pending
 No. 88263; 
People v. Mast
, 305 Ill. App. 3d 727, 732-33, 713 N.E.2d 242, 245-46 (1999) (holding that a defendant who pleads guilty to one count of reck­less homicide in exchange for the State's promise to dismiss the remaining indict­ments
 can chal­lenge his sen­tence on appeal without also having to file a motion to with­draw his guilty plea), 
petition for leave to appeal pending
 No. 88039; 
People v. Doguet
, 307 Ill. App. 3d 1, 6-7, 716 N.E.2d 818, 822 (holding that defendant's failure to move to withdraw plea, in connection with which State had agreed not to seek an extended-

term sentence, resulted in waiver of right to challenge sentence of 20 years or less as excessive, but remanded to allow defendant to be properly admonished regarding withdrawal of guilty plea), 
petition for leave to appeal pending
 No. 88259.

 The Supreme Court of Illinois has stated that "'plea bargain­ing, when properly adminis­tered, is to be encour­aged.'" 
Evans
, 174 Ill. 2d at 325, 673 N.E.2d at 247, quoting 
People v. Boyt
, 109 Ill. 2d 403, 416, 488 N.E.2d 264, 271 (1985).  There

fore, we should avoid a bright-line rule that places meaningless proce­dural obsta­cles in the path of an appeal.  Accord­ing­ly, we hold that (1) the trial court's post-guilty-plea admoni­tions were suffi­cient because defendant was not required to with­draw her guilty plea to contest only her sentence on appeal, and (2) defense counsel was not ineffective because he filed the proper post-guilty-plea motion.  To the extent that 
Gill
 contra­dicts this opin­ion, 
it is ex­press­ly over­ruled.  We reaffirm our deci­

sions in 
Catron
, 
Economy
, and 
Payne
, however, because those cases specifi­cally in­volved sen­tencing conces­sions on the part of the State, 
i.e.
, all were "negotiated as to charge and/or sentence" pleas.

B. The Trial Court Did Not Abuse Its Discretion

A trial court's sentencing decisions are entitled to great deference and weight and will not be over­turned on appeal absent an abuse of discre­tion.  
People v. Streit
, 142 Ill. 2d 13, 18-19, 566 N.E.2d 1351, 1353 (1991).  Defen­dant asserts that the trial court abused its discretion by giving too much weight to aggra­vating factors and too little weight to miti­gating factors, and by failing to sentence defendant with the constitu­tional objec­tive of restor­ing the offender to useful citizenship.  We disagree. 

Sentencing involves dual consid­er­ations­­, and a defen

dant's rehabil­i­tative potential is not entitled to greater weight than the seriousness of the offense.  
People v. Coleman
, 166 Ill. 2d 247, 261, 652 N.E.2d 322, 329 (1995).  In addi­tion, when mitigating factors are presented to the court, we presume­ that the trial court considered them, absent some contrary evidence.  
Payne
, 294 Ill. App. 3d at 260, 689 N.E.2d at 635.  We presume, there­fore, that the trial court adequately weighed defendant's history of mental illness and family support.  

A review­ing court's func­tion is not to reweigh the factors in­volved in sen­tencing.  
Coleman
, 166 Ill. 2d at 262, 652 N.E.2d at 329.  Aggravated DUI for a third or subsequent offense is a Class 4 felony and punish­able by a term of imprisonment from one to three years.  Defendant's sen­tence was within that range.
  Accord­ingly, we hold that the trial court did not abuse its discretion by sen­tencing defendant to 2½ years in prison.

III. CONCLUSION

For the reasons stated, we affirm the trial court.

Affirmed.

COOK, J., concurs.
  

STEIGMANN, J., dissents.

JUSTICE STEIGMANN, dissenting:

The ques­tion this case presents is whether a defendant must move to withdraw her guilty plea before appealing her sentence in a case like this, in which the State dismissed a pending charge against defendant in exchange for her guilty plea to another charge, but in which the parties reached no agreement regarding sentencing.   

Following the supreme court's teachings in 
Evans
, 
Clark
, and 
Linder
, and consistent with our holding in 
Catron
, we should hold that the 
Ev­ans
 rule does apply here--that is, that a negoti­ated plea agreement occurred in this case, re­quiring defen­

dant to move to withdraw her guilty plea, not just move to reconsider sentence, before she can appeal her sentence.  Accord

ingly, we should dismiss the appeal.  Because the majority opinion addresses defendant's appeal on the merits, I respect

fully dissent.

The crux of the majority's holding is its rejection of the idea that the State gives something up when it agrees to dismiss a charge in exchange for a defendant's guilty plea without an agreement regarding either (1) the sentence the trial court will impose or (2) a cap on that sentence.  The supreme court has never so held, and I disagree with the majority's holding for the following reasons.  

The majority states that it "must acknowledge the fact that the State cannot always prove all of the charges that it files."  (Slip op. at 12.)  The trouble with this assessment is that it presumes the opposite is true--that is, that the State routinely files charges it cannot prove and that any charge it agrees to dismiss is meritless.  In reality, the trial court does not know--and cannot know--which charges the State could prove and which charges it could not prove if a trial were held.  Although, in a given case, the State cannot prove all of the charges originally filed, surely the State has given something of benefit to the defendant when it dismisses charges that it could have proved.  Yet, a rule governing trial court admonitions to be given after a defendant has pleaded guilty cannot be premised on whether the State dismissed "good" charges or questionable ones.  Because neither the trial court, this court, nor even (in most cases) the defendant can know the answer to that question, the rule must apply across the board.  And that rule should be one that presumes all charges are filed in good faith and that dismissals made in exchange for guilty pleas are "negotiated" within the meaning of 
Evans
.

Contrary to the majority's assertion that, under such a rule, "one must assume a defendant's guilt to argue that the State has actually conceded something of value" (slip op. at 13), all one must assume is that the State 
may
 
have
 conceded something of value.  Under the majority's holding, an irrebuttable presump

tion exists that, 
in
 
all
 
cases
, the State has conceded 
nothing
 of value--a position that is demonstrably false.

When a defendant appeals a guilty plea in viola­tion of the 
Evans
 rule, the appellate court must dismiss that appeal.  The supreme court in 
Linder
 was clear on this point:  

"Where a defendant fails to comply with the motion requirements of Rule 604(d), as these defendants did, the appellate court must dis­

miss the appeal (
People v. Jamison
, 181 Ill. 2d 24, 28-29[, 690 N.E.2d 995, 997] (1998)), leav­ing the Post-Con­viction Hearing Act [725 ILCS 5/122-1 
et
 
seq
. (West 1996)] as the defendant's only re­course (
Peo­ple v. Foster
, 171 Ill. 2d 469, 471[, 665 N.E.2d 823, 824] (1996))."  
Linder
, 186 Ill. 2d at 74, 708 N.E.2d at 1173.

Although defendant concedes that the rule from 
Evans
 and 
Linder
 applies to the negotiated guilty plea she entered, she nonethe­less con­tends that the trial court's post-guilty-plea admonitions were deficient.  Specifically, defendant claims the court was duty-bound to inform her that, in order to challenge her sentence on appeal, she needed to first move to withdraw the guilty plea and vacate the judgment, not just file a motion to reconsid­er.  The problem with this argument is that the trial court, in its post-guilty-plea admonitions, complied fully with Rule 605(b) as presently written, and defendant does not even contend other­wise.  Thus, defendant's argument amounts to an attack on the adequacy of Rule 605(b) itself.  In effect, defen­

dant is arguing that the rule the supreme court has promulgated regarding admonitions for defen­dants who plead guilty, if fol­

lowed, results in the denial of due process.  This conclu­sion is not one we can reach.  

Thus, I disagree with the second district's opinion in 
Knowles
, 304 Ill. App. 3d at 475, 710 N.E.2d. at 1240, where that court, after concluding that the defendant should have filed a motion to withdraw his guilty plea and not just a motion to reconsider sentence before taking his appeal, wrote the follow­

ing:  

"Since the trial court advised defendant that he could file either a motion to withdraw his guilty plea or a motion to reconsider his sentence, fundamental fairness requires that we remand the cause with directions for the trial court to admonish defendant of his right to file a motion to withdraw his guilty plea and the consequences thereof, pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d))."

Although the second district's concerns are understandable, the remedy used in 
Knowles
 does not comport with the direc­tions of the supreme court in 
Linder
, particularly when the trial court's admonitions fully comply with the requirements of Rule 605(b).

As some have suggested, Rule 605(b) might be improved if it contained an explicit provision regarding negotiated pleas, containing the 
Evans
 rule verbatim within the body of Rule 605(b) itself.  However, any modification of that rule must come from the supreme court, not this court.